DAVID A. GAGE

*v.*

GEORGE C. SMITH *et al.*

| 79 | 219 |
|----|-----|
| 23a | 120 |
| 79 | 219 |
| 37a | 33 |
| 37a | 123 |
| 79 | 219 ∘ |
| 40a | 388 |
| 79 | 219 |
| 160 | 250 |
| 79 | 219 |
| 187 | 5 71 |
| 79 | 219 |
| 96a | 1440 |
| 79 | 219 |
| 100a | 1113 |

1. PRACTICE IN CHANCERY—*on demurrer overruled, what questions arise.* The sufficiency of the affidavit to a creditor's bill to authorize a preliminary decree for injunction and the appointment of a receiver, is not properly before the court when a demurrer is overruled to the bill, and a decree *pro confesso* rendered on refusal of the defendant to answer. In such case, the only question is whether the allegations of the bill are sufficient to authorize the decree.

2. RECEIVER—*when properly appointed.* When the existence of a judgment against a debtor, and the return of an execution unsatisfied, are distinctly and positively alleged in the bill, and it is also alleged, on information and belief, that the debtor has property of the value of more than one hundred dollars, exclusive of all prior claims, which the creditor complainant has been unable to reach by execution, and the defendant, after demurrer overruled, refuses to answer, and permits a decree *pro confesso* to be entered, the court is authorized to appoint a receiver.

3. In these cases of creditors' bills, where the return of the execution unsatisfied presupposes that the property of the defendant, if any he has, will be misapplied, and entitles the complainant to an injunction in the first instance, it seems to be almost a matter of course to appoint a receiver to collect and preserve the property pending the litigation.

4. SAME—*of disposition of property by the receiver.* The defendant in a creditor's bill can not be injured by a decree directing the receiver to satisfy the judgment against him by a sale of property to be discovered. Whether the receiver is invested with power to sell property subsequent or prior to the discovery thereof, can make no difference, as he can only execute the power when there is something upon which it can act.

5. FOREIGN STATUTE—*construction.* When a statute is adopted from another State it should receive the same construction given to it by the courts of the State from which it is adopted, unless such construction is inconsistent with the spirit and policy of our laws.

APPEAL from the Superior Court of Cook county; the Hon. SAMUEL M. MOORE, Judge, presiding.

Appellees filed their bill in chancery, in the office of the clerk of the Superior Court of Cook county, alleging that at

220      GAGE *v.* SMITH *et al.*      [Sept. T.

Statement of the case.

the November term, 1874, of the Superior Court, they obtained a judgment against appellant for $1486.14; that on the 18th day of November, 1874, an execution was issued thereon to the sheriff of Cook county, which was returned by him on the 23d day of December, 1874, unsatisfied, and that the judgment is still in force.

It is further alleged, that on or about January 1st, 1874, appellant was engaged in the hotel business in Chicago; that appellees are informed and believe that in the course of said hotel business, divers persons became indebted to him to a large amount, and that the defendant, at the time of filing the bill, had debts due him to a large amount, and for which he holds divers securities and evidences to a large amount, and has divers goods, wares, merchandise and other articles of personal property of value, which belong to him, or in which he is, in some way or manner, beneficially interested, and that he has equitable interests and things in action of some nature or kind, which might, or ought to be, applied to the payment of appellees' judgment.

It is further alleged, that appellant is the owner of, or in some manner beneficially interested in, some real estate in this or some other State, or some chattels real, of some name or kind, or some contract or agreement relating to real estate, or the rents, issues and profits of some real estate; and, also, that appellant is owner of, or in some way beneficially interested in, the stock of some company or co-partnership; and, also, that he has in his possession some money in coin or bank bills, or that he has money deposited in some bank or elsewhere to his credit, or that he has money or securities held by some other person, in trust or otherwise, for his benefit.

And it is charged, on belief, if appellant has made any sale, assignment, or transfer of his property or effects, or any part thereof, such sale, assignment or transfer is merely colorable, and made with a view of protecting the property or effects of appellant so assigned, and placing the same beyond

the reach of appellees' judgment, and enabling appellant to control and enjoy the same and the avails thereof, or to hinder and delay appellees in the collection of their debt, and that so it would appear if appellant would state and set forth where and to whom such sale, etc., was made, and what was the amount in value of the property or effects so sold, and what were the terms of such sale, etc.

Appellees claim a full discovery of all such property, belonging to appellant, and of all trusts whereby any property or effects are held for him; and of any sale, assignment or transfer which appellant has made of his property, and of the persons to whom such sale, etc., has been made, and the trusts upon which such sale, etc., was made.

It is charged that appellees have reason to believe and do believe that appellant had property, etc., of the value of $100 and upwards, exclusive of all prior first claims, and which orators have been unable to reach by execution.

It is also alleged, that the bill is not exhibited with collusion, etc.; that appellees have reason to believe, and do believe that George Taylor has property, things in action or effects, held in trust for appellant; and that George W. Gage and John A. Rice are indebted to him and hold property in trust for him.

The prayer is that appellant answer; that he be prohibited from making any assignment of his property, and from confessing any judgment for the purpose of giving any preference to any other creditor over appellees, to obtain his property; that a receiver be appointed, and for general relief.

The affidavit annexed to the bill is as follows:

"STATE OF ILLINOIS, }
    *Cook county.* } ss.

On this 29th day of December, one thousand eight hundred and seventy-four, personally came before me D. K. Tenney, who, being duly sworn, saith that he is one of the attorneys of the complainants; that he has heard the foregoing bill of complaint read and knows the contents thereof,

and that the same is true of his own knowledge, except as to the matters and things therein stated upon information and belief, and as to those he believes it to be true.

[SEAL.]                          N. BACON, *Notary Public.*"

Appellant demurred· generally and specially to the bill, and assigned for cause :

1st.  Want of equity.

2d.  That the bill is not signed and sworn to according to the rules and practice of the court.

3d.· That the charges of the bill are in the alternative and not positive.

The court overruled the demurrer, and appointed a receiver, and directed that appellant assign, transfer and convey to him all his property, equitable interests, things in action and effects, except as aforesaid, and all books, papers and vouchers relating thereto, and that he submit to be examined, etc.

The final decree recites that the bill was taken as confessed, for want of an answer, and it decrees that appellees recover of appellant $1492.89, with interest thereon from the 18th of November, 1874, together with costs ; that the receiver pay the amount of the same out of the proceeds of the property of appellant which has been, or may be, assigned to him, pursuant to the order of the court, according to the equitable priority of appellees, as between them and the complainants, in other creditors' suits against appellant, and that he bring the residue of the proceeds of the property into court to abide the further order thereof, etc.

Messrs. JACKSON & SKINNER, for the appellant.

Messrs. TENNEYS, FLOWER & ABERCROMBIE, for the appellees.

Mr. JUSTICE SCHOLFIELD delivered the opinion of the Court:

We are of opinion the sufficiency of the affidavit to the bill to authorize a preliminary decree for injunction and the ap-

pointment of a receiver, is not properly before us. No such use was made of it. Appellant appeared and demurred to the bill, and, upon the demurrer being overruled, he refused to answer further, whereupon the court rendered a decree *pro confesso;* and the only question is, therefore, whether the allegations of the bill are sufficient to authorize the decree.

The forty-ninth section of the Chancery Code (R. L. 1874, p. 203–4,) provides, " whenever an execution shall have been issued against the property of a defendant, on a judgment at law or in equity, and shall have been returned unsatisfied, in whole or in part, the party suing out such execution may file a bill in chancery against such defendant, and any other person, to compel the discovery of any property or thing in action, belonging to the defendant, and of any property, money or thing in action due to him, or held in trust for him, and to prevent the transfer of any such property, money or thing in action, or the payment or delivery thereof to the defendant, except when such trust has, in good faith, been created by, or the fund so held in trust has proceeded from some person other than the defendant himself. The court shall have power to compel such discovery. and to prevent such transfer, payment or delivery, and to decree satisfaction of the sum remaining due on such judgments, out of any personal property, money, or things in action. belonging to the defendant, or held in trust for him, with the exception above stated, which shall be discovered by the proceedings in chancery, whether the same were originally liable to be taken in execution at law or not."

This section was adopted, almost literally, from a prior statute of the State of New York, (Edwards on Receivers, p. 269-70.) under which it was held that the appointment of a receiver follows, as a matter of course, where the equity of the bill is not denied on the hearing ; see Edwards on Receivers, *supra, Bloodgood* v. *Clark,* 4 Paige, 574, *Corning* v. *White,* 2 Paige, 567, *Congden* v. *Lee,* 3 Edwards, 304, *Bank* v. *Schemmerhorn,* Clarke, 214, *Austin* v. *Figueira,* 7 Paige, 56. In the

first cited of the above cases the Chancellor said: " In these cases of creditors' bills, where the return of the execution unsatisfied presupposes that the property of the defendant, if any he has, will be misapplied, and entitles the complainant to an injunction in the first instance, it seems to be almost a matter of course to appoint a receiver, to collect and preserve the property pending the litigation."

We have repeatedly recognized the rule of construction, that in adopting the statute of another State, it is presumed the General Assembly intends that it shall receive the construction given it by the courts of the State from which it is adopted, unless such construction is inconsistent with the spirit and policy of our laws. *Campbell* v. *Quinlin*, 3 Scam. 288; *Rigg et al.* v. *Wilton*, 13 Ill. 15; *Streeter* v. *The People*, 69 id. 598.

No such inconsistency being apparent in the present instance, the construction adopted by the courts of New York should be followed.

The existence of the judgment, and the return of the execution unsatisfied, are distinctly and positively alleged in the bill; and it is also alleged, on information and belief, that appellant has property, etc., of the value of more than $100, exclusive of all prior claims, which appellees have been unable to reach by execution. If this was untrue, appellant should have answered and denied it. It comes with an ill grace from him, after having refused to answer, and disclose the facts with regard to the property which it is claimed he conceals and withholds from the payment of his debts, to say that the quantity and quality of such property is not alleged with sufficient certainty. If it were known precisely what property he has, how concealed and where, it would be unnecessary to call upon him for discovery.

The remaining objection urged, is to the form of the decree in directing that the amount of the judgment shall be satisfied by a sale of the property to be discovered, before any property is, in fact, discovered. We do not per-

ceive how appellant is injured by this. It is very clear, even under the terms of the decree, there can be no satisfaction of the judgment until something is discovered out of which it can be satisfied. And whether the receiver is invested with the power to make sale, subsequent or prior to the discovery, would seem to make no possible difference. He can only execute the power when there is something upon which it can act; and appellant can not be heard to object, unless the receiver shall attempt to satisfy the decree out of property exempt from seizure for that purpose, or shall unnecessarily sacrifice or waste property liable to be so seized. When, if ever, this shall happen, the law will afford an adequate remedy; but, until it does, it can scarcely be considered important to discuss it.

In our opinion there is no error in the record, and the decree will therefore be affirmed.

*Decree affirmed.*