## CHARLES KENNEDY ET AL.

### V.

## PETER S. STOUT.

| 26 | 133 |
|----|-----|
| 60 | 619 |
| 26 | 133 |
| 160s | 242 |
| 26 | 133 |
| 69 | 474 |
| 26 | 133 |
| 167s | 396 |
| 26 | 133 |
| 101 | ¹346 |

*Gaming Contracts—Board of Trade—Options—Action under Sec. 132, Criminal Code, against Brokers—Conflict of Evidence—Statute of Limitations—Waiver.*

1. Where a person enters into a gaming contract with a broker or commission merchant, and pays over money or property to cover losses sustained, he may maintain an action under Sec. 132, Criminal Code, to recover the same.

2. The right to recover depends upon the character of the contract made between the parties, without reference to the character of any contract made between the broker and a third person.

3. The bar of the Statute of Limitations is a personal privilege of the defendant, which is waived if not interposed as a defense in the trial court.

[Opinion filed March 20, 1888.]

APPEAL from the Circuit Court of Kane County; the Hon. ISAAC G. WILSON, Judge, presiding.

Mr. ELBERT H. GARY, for appellants.

It will probably not be seriously disputed that it is lawful for one to contract with another for the purchase and sale of any commodity to be delivered in the future; that it is not invalidated simply because, when the contract is made, the seller has not the commodity on hand, nor any means of obtaining the same; nor because the purchaser has not the means of paying for the same; nor because the contract is closed or settled before the time of delivery has arrived, by the payment of the difference in market prices between the time the contract is made and the time it is settled; nor because it is closed or settled before the time of delivery has arrived, by ringing it up with or off-setting it against another similar transaction; nor because the time of delivery, during some particular period, is optional.

The affirmative of the first proposition and the negative of the others are well settled by the following cases: Pixley v. Boynton, 79 Ill. 351; Wolcott v. Heath, 78 Ill. 433; Logan v. Musick, 81 Ill. 415; Lehman v. Strasberger, 2 Wood's C. C. 554; Hibblewhite v. McMorine, 5 M. & W. 462; Clark v. Foss, 7 Bis. 540; Rumsey v. Berry, 65 Me. 570; Smith v. Bouvier, 70 Pa. St. 375; Petrie v. Havnay, 3 T. R. 418; Owen v. Davis, 1 Bailey, 315; Porter v. Veits, 1 Bis. 177; Knight v. Fitch, 80 E. C. L. 566; Roservaine v. Billing, 109 E. C. L. 316; Miller v. Bensley, 20 Ill. App. 528.

There is no doubt, from the evidence, that all the contracts in question made by appellants on the board were not only lawful, but were actually carried out in good faith and in a lawful manner. It is true that reports and settlements were made by them with appellee before the time of delivery arrived; but, when the manner of doing the business is considered, this fact is unimportant. The commission merchants are the responsible persons, and the only ones recognized on the board. The contracts are made in their names, and they secure the same by the deposit of margins when called upon. They may settle with their customers, for whose account the contracts are made, long before the contracts mature, but they are not relieved. For instance, if the customer orders sold one day a certain commodity at a certain price, deliverable at a certain time, and the next day orders bought the same quantity of the same commodity, deliverable at the same time, but at a different price, the commission merchant may render an account to his customer at once, allowing him the profit or charging him the loss, as the case may be, and thus close accounts as between them; but the commission merchant has the contract on his hands, and must carry it out when the proper time arrives. Such a transaction in no manner violates the provisions of the statute. Ashton v. Dakin, 4 H. & N. 867.

Even though appellee understood he was dealing in illegal contracts and intended to violate the statute, still, if he had no contract to that effect with appellants, if they intended no violation of the law and made no agreement of that kind and

actually made valid contracts, then the plaintiff would not, under any circumstances, be permitted to take advantage of his wrongful desire or intention. Sawyer v. Taggert, 14 Bush. 727; Rumsey v. Berry, 65 Me. 570; Williams v. Carr, 80 N. C. 94; Gregory v. Wendall, 39 Mich. 337; N. N. Bank v. Carr, 15 Fed. Rep. 438; McCormick v. Nichols, 19 Ill. App. 334; Miller v. Wagner, 20 Ill. App. 529.

If the facts were in accordance with the claim of appellee, he is not entitled to recover. It is a well known rule of law that where a person has been guilty of a wrong, he can not recover upon any promise or obligation growing out of that wrong. The maxims, *in pari delicto, potior est conditio possidentis,* and *ex turpi causa non oritur actio,* apply. Riedle v. Mulhausen, 20 Ill. App. 68; Gregory v. King, 58 Ill. 169; Thimming v. Miller, 13 Ill. App. 595; Setter v. Alvey, 15 Kas. 157; Adams v. Barrett, 5 Ga. 404; Babcock v. Thompson, 3 Pick. 446.

Mr. CHARLES WHEATON, for appellee.

BAKER, J. In this case appellee brought suit in assumpsit, under the provisions of Sec. 132 of the Criminal Code (R. S. 1874), to recover $914, alleged to have been paid by him to appellants as margins on options or gambling contracts. The declaration consisted of the common counts, and the pleas were the general issue, payment and set-off. The case was tried before the court without a jury, and the results were a finding and judgment for appellee for the full amount of his claim.

The evidence was conflicting. The supposed gambling transactions were between appellee and appellants, and the latter were commission men dealing on the Chicago Board of Trade. The testimony of appellee was to the effect there was an express understanding and agreement that he should deal in options simply, settlements to be made by the payment of differences in price, and that no contracts were to be made for actual delivery. The theory that no actual receipt or delivery of corn or grain was contemplated or intended is corroborated by numerous statements made and expressions used

in the letters and telegrams which passed between the parties, and by the character and course of the dealings between them for a period of some three months. The testimony of appellant Kennedy was in direct contradiction of that of appellee; and both his evidence and that of the bookkeeper of appellants was that all the contracts made by appellants on behalf of appellee were for actual delivery. There was also testimony introduced before the court tending both to impeach and to sustain the character of appellee for truth and veracity. Upon the evidence as a whole the court found that the contracts made between appellants and appellee were gambling contracts and unlawful. We can not say that the evidence did not justify the conclusion reached. If a person enter into a contract with his broker or commission man which is a mere gambling contract, and pays to him money or property to cover losses sustained thereby, then such broker or commission man is a "winner" within the meaning of Sec. 132 of the Criminal Code, and such person is given a remedy by said section of the statute against such broker or commission man for the recovery of such money or property. The true test is the character of the contract made between the parties to the particular litigation under investigation. What the nature of the contract is that the broker may have entered into with some third party, on the Board of Trade or elsewhere, is either wholly immaterial, or a mere circumstance of corroboration. This is the doctrine announced by the Supreme Court in Pearce v. Foote, 113 Ill. 228, and by this court in Carroll v. Holmes, 24 Ill. App. 453, and in Griswold v. Gregg, Son & Co., 24 Ill. App. 384. It would be useless now to review or restate the grounds of those decisions.

It is urged by appellants as a cause for reversal that the money sought to be recovered was paid to them in or prior to October, 1884, and that this suit was not brought until September, 1885, and that Sec. 132 of the Criminal Code limits the time in which the loser of money by gaming or betting may bring his action to six months, and that the legal effect of the statute is to bar the bringing of such action after the lapse of that time. Holland v. Swain, 94 Ill. 154.

The bar of a statute of limitations to a claimed indebtedness is a personal privilege that one entitled thereto may either avail himself of, or waive.   In this case no plea was interposed that the cause of action was barred by limitation.   Nor did appellants seek in the Circuit Court to take advantage of such a defense by demurrer, or otherwise.   The record shows that they submitted to the court, and requested it to hold as the law applicable to the case, twenty-one lengthy propositions of law, covering some seven pages of the record, and yet not one word is contained therein, asking of the court any holding whatever with reference to the bar of the statute that is now claimed.   It further appears from the record that said twenty-one written propositions were all the propositions of law that were offered or submitted to the trial court.   Not only, then, is it true that the record nowhere shows the defense now interposed was made below, but it affirmatively appears therefrom it was not made.   Appellants must be presumed to have elected to waive any right they may have had to the bar of the statute.   Parties can not avail themselves of a defense of this character without they present it in the trial court, and there insist and rely upon it.   If appellants desired to set up such a defense, they should have interposed it in the court below.   It is too late to introduce and urge it for the first time in an appellate court.   The case of Wilson v. Van Winkle, 2 Gilm. 684, is directly in point.

We find no error in the record.   The judgment is affirmed.

*Judgment affirmed.*