JOSEPH FISH et al.

v.

JOHN V. FARWELL et al.

*Filed at Ottawa October 11, 1895—Rehearing denied March 13, 1896.*

1. PLEADING—*demurrer to replication—when not carried back to pleas.* A demurrer to a replication will not be carried back to pleas where a demurrer to such pleas has already been overruled.

2. SAME—*when special plea gives color.* Pleas of the Statute of Limitations are not defective, as failing to admit that the action accrued to the plaintiff, by using the expression, "if at all."

3. SAME—*omission of conclusion of law in plea not fatal.* The averment in a plea of the Statute of Limitations to additional counts filed after the commencement of a suit, that they are distinct causes of action from those described in the original declaration, is but the statement of a conclusion of law, and is unnecessary.

4. SAME—*how Statute of Limitations may be pleaded.* The Statute of Limitations may be pleaded separately to a new cause of action introduced by the amendment to the declaration, or by an additional count.

5. SAME—*demurrer does not admit conclusions of law averred.* The identity of the cause of action set up in an additional count with those contained in the original declaration, is not admitted by demurrer to the replication to pleas of the Statute of Limitations filed to such additional counts, although the latter allege such identity, as such allegation is a conclusion of law.

6. LIMITATIONS—*statute of, is a personal defense.* The plea of the Statute of Limitations is a personal privilege and defense, and can be availed of only by the person for whose benefit the statute inures, or such other person as stands in his place and stead.

7. SAME—*what is the commencement of an action.* Issuing the original summons and filing declaration is a submission by plaintiff of his person and the subject matter of his suit to the jurisdiction of the court, and is the commencement of the action as to all the defendants, within the meaning of the Statute of Limitations, though some of the defendants are not served for more than three years afterwards.

8. SAME—*new cause of action introduced by amendment is a new suit.* A new or a different cause of action introduced by an additional count is treated as a new suit begun at the time of the filing of such count, against which the Statute of Limitations runs until that date, and as to which the statute is not interrupted by the beginning of the original action.

9. SAME—*what is a new cause of action.* Additional counts in a suit for the price of goods sold and delivered, alleging an executory contract by the plaintiffs to manufacture and sell and by the defendants to select from samples and buy goods, and a refusal of defendants to select, buy and receive the goods, set up a distinct cause of action, as to which the bar of the Statute of Limitations will apply, where the statutory period expires after the original commencement of the suit and before the filing of such counts.

10. SAME—*when allowance of amendment is not conclusive of identity of action.* The provision of the Practice act (sec. 23) that the adjudication of the court allowing an amendment shall be conclusive of the identity of the action does not make such adjudication conclusive, so as to prevent the attaching of the bar of the Statute of Limitations to a cause of action set up in an additional count, filed after the expiration of the statutory period, in a suit commenced before such expiration.

11. SAME—*bill of particulars cannot change cause of action.* A bill of particulars filed by a plaintiff cannot be used to help out an original declaration, so as to show the cause of action to be identical with that contained in an additional count, and take the latter out of the operation of the Statute of Limitations,—especially where such bill is filed after the expiration of the statutory period.

12. PARTNERSHIP—*when defense by one partner is a defense for all.* A good defense made by one member of a firm in an action against all the partners, who are all served with process, if not merely personal to him, bars the action as against all.

13. SAME—*bar as to partner does not prevent recovery from co-partner.* The bar of the Statute of Limitations in favor of one partner upon a partnership debt will not bar recovery from the other partners.

14. TRIAL—*interpretation of pleadings is for the court.* The interpretation to be placed upon pleadings is a question of law for the court, and not one of fact for the jury.

15. CONSTITUTIONAL LAW—*defense of Statute of Limitations is property.* A right of defense against a money demand, arising from the complete running of the Statute of Limitations, is property within the protection of the constitutional guaranty of due process of law, so as to prevent a court from depriving a defendant, unheard, of his right to plead such statute in bar by giving leave to amend a declaration or file additional counts.

*Fish* v. *Farwell,* 54 Ill. App. 457, affirmed.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. FRANCIS ADAMS, Judge, presiding.

MOSES, PAM & KENNEDY, for appellants :

In *McCall* v. *Lee*, 120 Ill. 264, this court held that amendments will be allowed liberally for the purpose of avoiding the running of the statute, when no new cause of action is interposed.    In that case the court cited the statute, and held the amendment properly allowed, on the authority of *McDowell* v. *Town*, 90 Ill. 359 ; *Coal Co.* v. *Taylor*, 81 id. 590 ; *Insurance Co.* v. *Mueller*, 77 id. 22 ; *Challenor* v. *Niles*, 78 id. 78.

The case of *Thomas* v. *Fame Ins. Co.* 108 Ill. 91, is an instructive one, and ought to control the case at bar.

"The cause of action" is the right of action,—*i. e.*, the facts which give the plaintiff the right to sue.    3 Am. & Eng. Ency. of Law, 46, note.

Like cases of amendments to declaration, and the insufficiency of the plea of the Statute of Limitations, sustaining our position, are found in *Pullen* v. *Hutchinson*, 25 Me. 249; *Stevenson* v. *Mudgett*, 10 N. H. 338; *Railway Co.* v. *Piper*, 26 Kan. 58; *Skinner* v. *Grant*, 12 Vt. 456; *Carbarga* v. *Seeger*, 17 Pa. St. 514; *Agee* v. *Williams*, 30 Ala. 636; *Bradford* v. *Edwards*, 32 id. 628; *Coxe* v. *Tilgman*, 1 Whart. 282.

All the text writers class the plea of the Statute of Limitations as a personal plea.    Wood on Limitations, sec. 41; Am. & Eng. Ency. of Law, sec. 13, p. 706; *Sanger* v. *Nightingale*, 122 U. S. 176.

TENNEY, McCONNELL & COFFEEN, for appellees.

Mr. JUSTICE BAKER delivered the opinion of the court:

On September 29, 1888, Joseph Fish and Solomon T. Fish, co-partners as Joseph Fish & Co., brought an action of assumpsit against John V. Farwell, Charles B. Farwell, William D. Farwell, John V. Farwell, Jr., John K. Harmon and John T. Chumasero, co-partners as John V. Farwell & Co.    A summons was that day issued, and on October 3, 1888, it was served upon John V. Farwell, Jr., and was returned not found as to the other defendants. On December 7, 1888, a declaration was filed which con-

tained the common counts, only, and on July 8, 1889, John V. Farwell, Jr., pleaded thereto the general issue, and no further proceedings were had in the cause for a period of more than two years. On October 29, 1891, the plaintiffs procured leave to file additional counts within twenty days from that date, and on the same day it was ordered, on motion of attorneys for defendants, that the plaintiffs file, within twenty days from said October 29, a bill of particulars under declaration filed by them. On November 27, 1891, the plaintiffs filed in the court, without further leave, a bill of particulars, the items in which amounted, in the aggregate, to $26,700, and on January 30, 1892, they, by leave of court, filed two additional and special counts.

On February 13, 1892, the defendant John V. Farwell, Jr., pleaded three pleas to those additional counts—*id est*, the general issue; that the supposed causes of action in said additional counts mentioned, and each of them, accrued to said plaintiffs, if at all, more than five years prior to the filing of said additional counts; and that the said supposed causes of action in said additional counts mentioned are, and each of them is, a separate and distinct cause of action from those described and declared upon in the original declaration herein and for which this suit was originally brought, and that said causes of action, and each of them, in said additional counts mentioned, accrued to said plaintiffs, if at all, more than five years prior to the filing of said additional counts. Thereafter, on February 20, 1892, an *alias* summons issued to the defendants John V. Farwell, Charles B. Farwell, William D. Farwell, John K. Harmon and John T. Chumasero, impleaded, etc., and service was had upon John V. Farwell on March 1, 1892, upon Charles B. Farwell and John K. Harmon on March 7, 1892, and on John T. Chumasero on March 8, 1892. Said four defendants upon whom the *alias* summons was served filed five pleas. Of these, the first was *non assumpsit*, and a demurrer was

sustained to the second, and it is unnecessary to further notice them. The third went to the whole declaration, and it pleaded the statute of limitations of five years "prior to the commencement of this suit as against these defendants," and the fourth and fifth pleas went only to the additional counts, and were pleas of the five years' limitation law, and were substantially like the second plea of John V. Farwell, Jr. The court overruled demurrers, general and special, to said third, fourth and fifth pleas, and also overruled a like demurrer to the second plea (first special plea) of John V. Farwell, Jr.

The plaintiffs interposed a general replication and three special replications to the second plea of John V. Farwell, Jr., and like replications to his third plea, and also filed a general replication to the third plea of John V. Farwell, Charles B. Farwell, John K. Harmon and John T. Chumasero, and four replications to their fourth and fifth pleas. The court sustained demurrers to the special replications to the second and third pleas of John V. Farwell, Jr., and also sustained demurrers to the special replications to the fourth and fifth pleas of John V. Farwell, Charles B. Farwell, John K. Harmon and John T. Chumasero. Thereupon a jury was waived and the issues of fact formed in the cause were submitted to the court, and the court found said issues in favor of the defendants, and after overruling a motion for a new trial rendered final judgment against the plaintiffs for costs. That judgment was affirmed in the Appellate Court, and this further appeal then taken.

There are several questions in the record that are rather collateral in their nature to the main issues between the parties, and these may properly be first got out of the way.

As we understand counsel for appellants, it is claimed that even if their special replications to the pleas should be conceded to be bad on demurrer, yet that since the pleas to which they applied were also bad, it was error

in the trial court not to carry the demurrer back and sustain it to the pleas.   This would not, under the circumstances of this case, have been a correct practice.   The rule is, that the court will not carry a demurrer to replications back to pleas when a demurrer to such pleas has already been overruled.   The party pleading over waives his demurrer and admits the sufficiency of the pleas. (*Stearns* v. *Cope*, 109 Ill. 340.)   We do not understand the case of *Fort Dearborn Lodge* v. *Klein*, 115 Ill. 177, to abrogate this rule.   It merely holds that if, at any time before trial, the court becomes satisfied that an erroneous ruling has been made with respect to the sufficiency of a pleading, it has power to set aside the order made in regard thereto and correct the error.   But here it is manifest that the court never became satisfied an erroneous ruling had been made in respect to the pleas, and therefore there was no occasion for exercising the power in question.   And besides this, no application was made by appellants to the court for leave to withdraw their replication or to set aside the order overruling the demurrers. It is not the practice of the courts to give to parties that which they do not ask.

And in connection with the matter just considered, it is urged that the several pleas of the Statute of Limitations are defective in not giving color to the subject' matter of said pleas, and that therefore they are not pleas by way of confession and avoidance.   The point made is, that the expression "if at all" is used in each of these pleas, and that the use of that expression prevents the statements in the pleas from being admissions that the causes of action accrued to the plaintiffs.   The pleas seem to be in accordance with the precedents.   In 3 Chitty's Pleading, *941, the form of the plea *actio non accrevit* is given thus :   "That the said several supposed causes of action in the said declaration mentioned (if any such there were or still are) did not, nor did any or either of them, accrue," etc.   The words "if at all" do not traverse

the cause of action, and in a special plea that which is not traversed is admitted.

The Appellate Court seems to have held that the suit is jointly against all the appellees, as partners in trade; that there is service on all of them; that a good defense made by one of the firm, if not merely personal to him, bars the action as against all the appellees, and that the rule in such case is, that judgment must go against all served, or none. We agree with these statements as to the condition of the record and as to the law. We are unable, however, to concur in the conclusions reached by that court, that if John V. Farwell, Jr., has a good defense under the Statute of Limitations it is not a mere personal defense, but one that will inure to the benefit of the other appellees, and that therefore a determination that he has a valid defense under the statute bars the action as to all the appellees. We understand the law to be, that the plea of the Statute of Limitations is a personal privilege and defense, and that it can be availed of only by the person for whose benefit the statute inures, or such other person as stands in his place and stead. (Wood on Limitation of Actions, sec. 41; 13 Am. & Eng. Ency. of Law, pp. 706-710; *Sanger* v. *Nightingale*, 122 U. S. 176; *Byers* v. *First Nat. Bank*, 85 Ill. 423; *Kennedy* v. *Stout*, 26 Ill. App. 133.) In *Emory* v. *Keighan*, 94 Ill. 543, this court said (p. 546): "Nor did the fact that the statute became a bar to a suit against the other makers release or discharge Harrison Tyner from liability. Had they become bankrupt and been discharged, or had any other defense occurred personal to them alone, Tyner could not have pleaded it as a bar to a recovery against him. Nor is any reason perceived why he can avail of the defense of the Statute of Limitations as to them, as it is purely personal to them. He can only rely on defenses personal to himself, unless it be defenses common to all the makers, such as payment, release or discharge of the debt."

We think, however, that in regard to the defense of the Statute of Limitations the appellees John V. Farwell, Charles B. Farwell, John K. Harmon and John T. Chumasero, under and by virtue of their fourth and fifth pleas, stand substantially upon the same ground that the appellee John V. Farwell, Jr., occupies in and by his second and third pleas. All four pleas are pleas of the five years' limitation law, and they are each and all pleaded to the additional counts only. As we have already seen, said fourth and fifth pleas are in all respects like said second plea, and the only difference between the three last mentioned pleas and said third plea is, that the latter contains the additional averment that the supposed causes of action in the additional counts mentioned are separate and distinct causes of action from those described and declared upon in the original declaration and for which the suit was originally brought. This additional averment seems to be wholly unnecessary and useless—in fact but the statement of a conclusion of law drawn by the pleader, and of no binding force. The allegations contained in the original declaration, and also those found in the additional counts, are in the record of the very cause that is before the court for adjudication. In the nature of things there are no extrinsic facts by which they are to be explained. They lie open to the court and are subject to its inspection and consideration, and the court must determine, as a question of law, whether the causes of action appearing in the additional or amended pleadings are separate and distinct causes of action from those originally declared upon, or mere re-statements, in different form, of the same causes of action declared upon in the original declaration. The interpretation and construction to be placed upon pleadings is a question of law for the court, and not a question of fact for the jury. It would be absurd, and a confusion and destruction of the law, to submit to the decision of a jury the matter of the legal identity of the several

causes of action which are alleged in the pleadings in a cause. *Ad quæstiones facti non respondent judices; ad quæstiones legis non respondent juratores.*

The case of *Pennsylvania Co.* v. *Sloan,* 125 Ill. 72, relied on by appellants, is not in point. It was simply there held, that where the real party in interest, and the one intended to be sued, is actually served with process, though under a wrong name, he must plead in abatement, or else he will be concluded by the judgment or decree rendered the same as if sued in his true name, and that the question of the identity of the party alleged to have been sued by a wrong name is an issue of fact, only. And said second, fourth and fifth pleas are like the sixth plea in *Chicago, Burlington and Quincy Railroad Co.* v. *Jones,* 149 Ill. 361, and we there sustained the action of the circuit court in overruling a demurrer to said sixth plea.

It seems to be supposed that the fact that process in this cause was served upon John V. Farwell, Jr., one of appellees, on October 3, 1888, and not served upon the other four appellees until in March, 1892, makes a marked difference between them, and that the former stands upon a stronger footing in respect to their respective rights to avail themselves of the statutory privilege of pleading the five years' limitation law. We do not understand such to be the case. The plaintiffs below, on the 29th day of September, 1888, filed in the office of the clerk of the circuit court their *præcipe,* for a summons against the appellees, and on the same day the summons was issued. That was the commencement of the suit, both as against John V. Farwell, Jr., upon whom service was had on October 3, 1888, and as against the other appellees, upon whom service was had in March, 1892. (*Schroeder* v. *Merchants' and Mechanics' Ins. Co.* 104 Ill. 71.) On December 7, 1888, said plaintiffs filed in the court their declaration against all the appellees, containing only the common counts, and counted upon joint promises made by the defendants below, appellees here. By filing the *præcipe*

and suing out the summons and filing the declaration
they gave the court jurisdiction over their persons and
also over the subject matter of their suit, and conferred
upon it jurisdiction and power to adjudicate and deter-
mine their rights in respect to the subject matter thus
submitted.    What subject matter was thus submitted to
the court?    Manifestly the subject matter of the causes
of action against all the appellees stated in their declara-
tion.    *Schroeder* v. *Merchants' and Mechanics' Ins. Co. supra.*

We are unable to see that the decision of this court in
*Herring* v. *Quimby*, 31 Ill. 153,—that the provision in the
Practice act which requires a declaration to be filed ten
days before the second term of the court refers to the
process which may be actually served upon the party,
though it be an *alias* or *pluries* or subsequent writ,—has
any special bearing upon the matters here in issue.    If
there had been no service upon any of the defendants
prior to March, 1892, and there had been no declaration
filed until after that date, then the decision might have
been of importance.    But here there was service on one of
the defendants, and the plaintiffs were therefore required
by the statute to file, and did file, their declaration.    The
statute is intended for the benefit and protection of de-
fendants, and not for the benefit of plaintiffs.    The im-
portant thing to be considered is, that plaintiffs did, as
matter of fact, file their declaration and state the cause
of action that they submitted to the court.    This, as we
have just seen, they were compelled to do; but it would
not change the case if process had not been served upon
any of the defendants before March, 1892, and there had
been no compulsion, for plaintiffs had the right, with or
without the statute, if they so desired, to file their dec-
laration and state the subject matter of their suit and
their causes of action, and submit them, prior to the
service of process upon any of the defendants, to the
jurisdiction of the court.

The status, then, is this: The case that the plaintiffs from 1888 to January 30, 1892, stood in the attitude of submitting to the jurisdiction and adjudication of the court, was one the subject matter of which was the causes of action disclosed in the original declaration. Now, if the causes of action alleged in the additional counts filed January 30, 1892, are causes of action that accrued more than five years prior to that date, and are separate and distinct causes of action from those originally declared upon, then each and all of the appellees have, equally, the right and privilege of the bar afforded by the statute,—and this without reference to the inquiry whether or not there was service of process upon some or any or all of them at or before the time of the filing of said additional counts. In other words, under the circumstances stated, the running of the statute did not depend upon the fact of service or no service.

This brings us to the question of the sufficiency of the pleas of the Statute of Limitations that were sustained by the court, and in that connection it is essential to ascertain the nature and character of the causes of action stated in the additional counts. Said counts set forth, in substance, that on the 5th day of December, 1885, the defendants, co-partners as John V. Farwell & Co., in consideration of certain stated facts, engaged and agreed with plaintiffs that plaintiffs should make up sample cloaks for their inspection, and that defendants then would order from such sample cloaks, to the cost value of $125,000, such quantities and at such times during the then season as they would indicate, and that they would thereon pay to plaintiffs ten per cent profit on said quantity of cloaks to be ordered by the defendants of the plaintiffs, to the extent of $125,000, as soon as the said cloaks were to be delivered to defendants, and said defendants agreed to accept said cloaks when ordered by them, and to pay therefor in the manner aforesaid. It is then alleged that plaintiffs proceeded to purchase ma-

terials, machinery, etc., lease premises and hire hands
for manufacturing cloaks, and did make and present for
the inspection of defendants proper samples of cloaks,
in order that the defendants might order from them
cloaks to be thereafter manufactured by plaintiffs; that
said samples were duly approved by defendants, and
plaintiffs were ready and willing and offered to make for
defendants the quantity of cloaks they should order, and
to make other samples from which they would fill other
orders when requested, but that defendants would not
order "such quantity or quantities as they would desire,"
"and refused to accept any goods and chattels of the
plaintiffs or pay them the price therefor," etc.

When a new cause of action is introduced by an amend-
ment to the declaration or by an additional count, the
defendant may plead the Statute of Limitations, sepa-
rately, to that part of the declaration. (*Pennsylvania Co.
v. Sloan*, 125 Ill. 72.) Where an amendment or additional
count brings forward a new or different cause of action,
it is regarded and treated as a new suit, begun at the
time when such amendment or additional count is filed,
and the statute is arrested at the latter date, and such
amendment or count introducing a cause of action barred
by limitation is ineffectual to avoid the statutory bar.
*Chicago, Burlington and Quincy Railroad Co.* v. *Jones*, 149 Ill.
361; *Phelps* v. *Illinois Central Railroad Co.* 94 id. 548; *Illinois
Central Railroad Co.* v. *Cobb, Christy & Co.* 64 id. 128; *North
Chicago Rolling Mill Co.* v. *Monka*, 107 id. 340; *Illinois and
St. Louis Railroad and Coal Co.* v. *People*, 19 Ill. App. 141;
*Peoria and Pekin Union Railway Co.* v. *United States Rolling
Stock Co.* 28 id. 79.

In *Gorman* v. *Judge, etc.* 27 Mich. 138, which was cited
by this court with approval in *Chicago, Burlington and
Quincy Railroad Co.* v. *Jones, supra*, it was held that a dec-
laration upon the common counts in assumpsit, and one
upon a special contract, are for distinct and different
causes of action, where the basis of recovery under the

latter is such that there could be no recovery under the former, and that such former declaration cannot be amended so as to set forth a new and distinct cause of action upon a special contract which has become barred by the Statute of Limitations since the original declaration was filed, since that would be to permit the fiction of relation to nullify an act of the legislature.

In the case at bar the original declaration alleged a sale and delivery by plaintiffs and a refusal by defendants to pay the price or value. The gist of the additional counts is, that the parties entered into an executory contract, by which the plaintiffs agreed to manufacture and sell, and the defendants to select from samples, order and buy, cloaks of the cost value of $125,000 within a certain period, and that the plaintiffs were ready and willing to make and deliver the cloaks, but that the defendants would not select, order, buy and receive them. These causes of action are separate and distinct from each other—in fact, wholly different and utterly inconsistent. The case is, in principle, like *Phelps* v. *Illinois Central Railroad Co. supra.* This court there said (p. 557): "The causes of action declared on in the original declaration in the present case were for a failure to perform a common law duty by a common carrier—to receive and carry goods offered for carriage. The causes of action stated in the additional counts are for failing to carry and safely deliver goods which defendant had received for carriage as a common carrier. The former were for refusing to enter upon the performance of the duty of a common carrier; the latter were for the failure to complete the performance of the duty of a common carrier, the performance of which had been entered upon. Under the circumstances of this case and our former decisions the distinction is vital, there being no liability for refusing to receive and carry, but only for not carrying after having received the freight. The receipt is a necessary element of the cause of action. The original declaration

negatived such receipt; the amended one averred it. We are disposed to agree with the view taken by the Appellate Court, that there were wholly different causes of action declared on in the original and amended counts of the declaration, and that, the evidence showing that the causes of action described in the additional counts accrued more than five years before those counts were filed, they were barred by the Statute of Limitations."

It is urged that the identity of the causes of action was conclusively determined by the circuit court, when, on January 30, 1892, it allowed the declaration to be amended by filing the additional counts,—and this because section 23 of the Practice act authorizes the allowance of amendments changing the form of action, and in any matter, either of form or substance, in any pleading or proceeding, which may enable the plaintiff to sustain the action for the claim for which it was intended to be brought, and provides that the adjudication of the court allowing an amendment shall be conclusive evidence of the identity of the action. Counsel for appellants evidently ignore the distinction between the identity of the action and the identity of the cause of action. In *Thomas* v. *Fame Ins. Co.* 108 Ill. 91, this court said (p. 100): "There is no just ground for the claim that by reason of the amendment making new parties plaintiff there resulted any change in the cause of action. The object of the suit after the amendment was precisely the same as it was before, namely, to recover the amount of the policy on account of the destruction by fire of the insured premises.  *  *  *  Had some new claim or cause of action been introduced into the suit by the amendment, against which the Statute of Limitations had run, or before the making of such amendment, the position of appellee would be clearly right. But such is not the case. By the express terms of the statute the allowance of the amendment is made conclusive of the identity of the action. If, then, both the action and cause of action,

before and after the amendment, were precisely the same, as they certainly were, then the limitation of one year in the policy clearly presented no defense to the action, as it is conceded the original action was commenced within the year." All of the language that we have quoted seems peculiarly applicable to the case at bar.

It is suggested that our section 23 of the Practice act is copied from the statutes of Massachusetts, and our attention is called to numerous decisions of the supreme judicial court of that State construing the Massachusetts statute. It is claimed that in conformity with the rule announced in *Campbell* v. *Quinlin,* 3 Scam. 288, *Gage* v. *Smith,* 79 Ill. 219, and other cases, we should place the same construction upon the statute that has been given to it by the court of last resort in Massachusetts. Appellees contend that the cases in Massachusetts do not go so far as appellants claim for them. But, be the truth of this contention the one way or the other, the rule invoked by appellants can have no application in this litigation. There is a radical difference between the Massachusetts statute and that of this State. The statute of that State provides that the adjudication of the court allowing the amendment shall be conclusive evidence of the identity of the *cause of action,* whereas our statute is that such adjudication shall be conclusive evidence of the identity of the *action.* The fact that this State borrowed the statute from Massachusetts and used the identical language found in it, except that the word "action" was substituted for the words "cause of action," affords strong proof that the change was purposely made, in order to carry out a fixed legislative intention. The marked distinction that exists between the word "suit," "cause" or "action" and the words "cause of action" is sharply presented in *Koon* v. *Nichols,* 85 Ill. 155, where a different statute from that here involved was under consideration. It is there said: "The word 'cause' here means the particular suit in which the order is made,—

not that the cause of action shall be considered as abandoned, but only that such particular suit shall be considered as abandoned and no further action shall be had therein."

The matters contained in the several replications to which demurrers were sustained may be summarized thus:

*First*—That the causes of action set out in the additional counts were not different from those set out in the original counts.

*Second*—That the causes of action set out in the additional counts are the ones for which the plaintiffs intended to bring their suit.

*Third*—That before filing the additional counts the plaintiffs, under a rule procured by one of the defendants, filed a bill of particulars of the claims sued on under the common counts; that these claims are the same as those set out in the additional counts, and are the claims for which the plaintiffs intended to bring this suit.

*Fourth*—That prior to the commencement of this suit the plaintiffs sued the defendants in the Superior Court and filed a declaration on the causes of action set out in the additional counts; that after a trial, in which the defendants were completely informed of the claim, the plaintiffs took a non-suit, and notified the defendants that another action would be brought for the same claim; that thereupon this suit was brought and a declaration filed upon the same claims as those involved in the former suit, and that the defendants have always known that this suit was brought on the claims involved in the former suit, and that the claims stated in the additional counts are the ones for which the plaintiffs intended to bring the suit.

Appellants have submitted no connected argument upon the subject of the replications, but have contented themselves by making incidental suggestions in relation thereto in the course of their elaborate argument upon the pleas.    The different matters pleaded by way of rep-

lication are briefly stated above, in the summary, and numbered 1, 2, 3 and 4.

In regard to point 1, we have already herein sufficiently announced our conclusion that the causes of action set out in the additional counts are substantially different from those upon which the original declaration was based. It is claimed that the demurrers to the replications admitted that the causes of action were the same. Suffice it to say that they admitted only such facts as were well pleaded, and did not admit conclusions of law that were drawn by the pleader. It is also insisted that the replications tendered an issue of fact, *i. e.,* the question of the identity of the causes of action. This, as we have seen, is not a question of fact, but a question of law, and the decision of it cannot be wrested from the court and submitted to a jury.

In respect to point 2, it may be said that under the statute amendments may be allowed to enable the plaintiff to sustain the action for the claim for which it was intended to be brought, but that while the adjudication allowing such amendment is conclusive of the identity of the action it does not establish the identity of the cause of action. By giving leave to amend a declaration or file additional counts a court may not, in advance, deprive a defendant, unheard, of his right to interpose a plea in bar that the statute expressly bestows upon him. (See *Thomas* v. *Fame Ins. Co. supra.*) A right of defense against a money demand, arising from the complete running of the Statute of Limitations, is property within the protection of the constitutional guaranty of due process of law. (*Board of Education* v. *Blodgett,* 155 Ill. 441.) A mere unexecuted intention on the part of a plaintiff can not be permitted to deprive a citizen of a vested property and constitutional right.

Much that is above said applies to point 3. In addition thereto some further suggestions may be made. No bill of particulars was filed, and no rule asked or entered

for a bill of particulars, until long after the causes of action afterwards alleged in the additional counts had been outlawed. It is true that one of the appellees asked for and obtained a rule for a bill of particulars; but the account that he requested was "a bill of particulars under the declaration filed," and no bill of particulars based on the claims made by that declaration was ever furnished. Nor was any bill of particulars of any kind filed in compliance with the requirements of the rule that was entered, but some time after the expiration of the rule the plaintiffs, of their own motion and without any leave from the court, placed on file the bill of particulars that they now seem to place so much stress upon. But, in any event, we are wholly unable to see how the bill of particulars helps out the original declaration. A court cannot go outside of the declaration to ascertain the cause of action. (*Hart* v. *Tolman*, 1 Gilm. 1.) A notice or stipulation filed with the declaration forms no part of the declaration, and the declaration cannot be aided by reference to it. (*Humphrey* v. *Phillips*, 57 Ill. 132; *Quincy Whig Co.* v. *Tillson*, 67 id. 351.) A bill of particulars is no part of the record unless made so by a bill of exceptions, (*Eggleston* v. *Buck*, 24 Ill. 262,) and one filed under a rule of court is no part of the declaration. (*Hess Co.* v. *Dawson*, 149 Ill. 138.) But, even waiving all these considerations, the bill of particulars was not filed until November 27, 1891, and long prior to that date the claims and causes of action incorporated in the additional counts had been barred by the statute. It is not perceived upon what theory of the law the filing of said bill of particulars at that date breathed into these dead causes of action the breath of life.

Many, in fact most, of the suggestions already made are applicable to the matters set up in the fourth point of replication. The defendants were bound, under the law, to recognize and accept the statements of the original declaration as to the nature and character of the claims and causes of action sued on, and to plead and

prepare for trial accordingly. But it is useless to pursue the subject further.

We think it probable that this appeal, in the condition of the record, might properly have been disposed of by simply passing upon the question whether or not there was error in sustaining the demurrers to the replications. But in view of the fact that the arguments of counsel on both sides of the case were principally devoted to the discussion of the pleas, and the real contention between the parties seems to hinge upon them, we have thought it best to disregard certain matters that might be deemed technical and formal, and decide the case upon the issues selected by the parties themselves for the consideration of the court.

We find no error in the judgments below. The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*