THOMAS FRANEY, Appellant, *v.* WILLIAM M. TRUE *et al.,* Appellees.

APPEAL FROM LA SALLE COUNTY COURT.

The copy of an instrument indorsed on a declaration is no part of it, and a bill of exceptions is requisite to inform the court in relation thereto.

A special and not a general demurrer, is the proper mode of taking objection to a pleading that is double.

In an action by an indorsee of a note, if the indorsement is correctly set out in the declaration, a copy of the name of the indorser need not be given with a copy of the instrument.

THIS was a declaration on a note of $155, dated August 28, 1857, due one year after date, and made by plaintiff in error, and payable to S. Bell, and indorsed by him.

Copy of note and account, but no copy of indorsement was given with the declaration.

Motion by defendant below for a continuance, for want of a copy of the indorsement on the note, overruled.

General issue and joinder.

Second plea, of entire failure of consideration; setting forth that the note was assigned after due; that Bell, the payee, was a manufacturer of reaping and mowing machines; that the only consideration of said note was a machine; that Bell warranted the machine to be a good article, and that the sickle would not clog in grass or grain, and that the machine would answer the purpose for which it was bought; that the plaintiff in error, relying on said warranty, bought the machine and gave the note therefor; that the machine was not a good article, and the sickle would clog in grass and grain, and would not answer the purpose for which it was bought; that the pitman and boxes were not properly made, and were not of good material, and kept breaking; and that the machine was thereby worthless.

Third plea, of entire failure of consideration, and same as the second plea, except (as to the allegations of warranty) it alleges that said Bell promised that the machine was made in a workmanlike manner, and was worth the money paid for it; that relying on said promise of said Bell, plaintiff in error bought the machine and gave note; that said machine was not made in a workmanlike manner, and the sickle clogged in grass and grain.

Fourth plea, of partial failure of consideration; otherwise in substance same as above.

First replication, denying indorsement after due. Similiter.

Second replication, in words following: "And for further replication to the said second, third and fourth pleas, and each of them severally, by leave of the court, plaintiffs say, that the consideration of the note mentioned in plaintiffs' declaration has not failed in manner and form, as in either of said pleas is alleged, and of this they put themselves upon the country."

A demurrer to the second replication was overruled, and plaintiff then excepted, and abided by his demurrer.

Judgment for plaintiffs below, of $175.92.

Motion for new trial overruled.

Assignment of errors, as follows:

1st. Court erred in overruling the motion to continue for want of a copy of the indorsement on the note.

2nd. Court erred in overruling the demurrer to the second replication.

3rd. Court erred in overruling the motion for a new trial.

4th. General assignment of errors.

13

Smith *v.* Wilson.

GRAY, AVERY & BUSHNELL, for Appellant.

B. C. COOK, for Appellees.

CATON, C. J. If we could take notice of the grounds relied upon for a continuance, we are inclined to the opinion that the motion was properly overruled. The instrument itself upon which the action was brought, was correctly copied on the back of the declaration, and if the statute further required that a copy of the indorsement, which gave the plaintiff instead of the payee the right to sue, should also be given, that was truly given in the body of the declaration, which has been held to be sufficient. All there was of it was the name of the payee, and that was given in the appropriate connection in the averment of the assignment in the declaration. But the copy indorsed on the declaration is no part of the declaration, and has been repeatedly held to be no part of the record, and a bill of exceptions can alone inform us of what it is. The motion was properly overruled.

The court was also right in overruling the demurrer to the replication. The replication is said to be double, but if that be so, the defect could not be reached by general demurrer. The replication was informal and very general, but good on general demurrer.

The judgment must be affirmed.

*Judgment affirmed.*