## AARON HATFIELD

*v.*

## JAMES W. CHEANEY.

1. PLEADING—*plea not answering all it professes.* A plea must contain a good answer to all it professes to answer. When it is in bar of the whole action and its matter is but an answer to a part of the cause of action, it is bad on demurrer.

2 PRACTICE—*giving jury memorandum of calculation.* It is not correct practice to permit a witness, who makes a computation of the sum due on a note, to place a memorandum of the result on the note itself to go to the jury. The testimony of witnesses in open court should go to the jury orally, and not by means of memoranda.

APPEAL from the Circuit Court of Menard county; the Hon. LYMAN LACEY, Judge, presiding.

This was a suit by James W. Cheaney against Aaron Hatfield and Thomas E. Clark, upon four promissory notes. The plaintiff recovered, and Hatfield appealed.

Messrs. KETCHAM & EDGAR, for the appellant.

Mr. T. W. McNEELY, and Mr. EDWARD LANNING, for the appellee.

Per CURIAM: There is nothing in any of the errors assigned demanding the reversal of the judgment below. The plea to which the court below sustained a demurrer purported to be to the whole declaration and all the causes of action; while the matter of the plea, if a good answer to any, is but an answer to a part of the cause of action. A plea must contain a good answer to all it professes to answer. This does not, and the demurrer to it was properly sustained.

According to our computation of the amount due upon the notes sued on, at the time of the trial, the sum found by the verdict is not too large. For that reason we will not reverse the judgment, although it was not correct practice to permit the witness, who made the computation on the trial, to place a memorandum of the result on the notes themselves, to go to the jury. The testimony of witnesses in open court should go to the jury orally, and not by means of memoranda.

Perceiving no substantial error in the instructions, the judgment of the court below will be affirmed.

*Judgment affirmed.*