THE STAR BREWERY

*v.*

A. M. FARNSWORTH.

$\overline{172}$  $\overline{247}$
80a 337

172   247
102a ⁴660

*Opinion filed April 21, 1898.*

1. GUARANTY—*written statement concerning erection of building upheld as creating a liability.* A note written and signed by a brewery company, and delivered to a carpenter who had been negotiating with a party concerning the erection of a building for a saloon, in the words: "When you get house and barn completed  *  *  * send the bill to us," creates a liability which, when acted upon, becomes absolute.

2. EVIDENCE—*when statements of alleged agent need not be excluded, though there is a failure of proof of agency.* In a suit on a written instrument creating a liability between plaintiff and defendant, statements of a witness who delivered the instrument, admitted upon plaintiff's promise to prove that the witness was defendant's agent, need not be excluded on plaintiff's failure to establish such agency, where the statements do not affect the defendant's liability as fixed by the instrument in suit.

3. BILLS OF PARTICULARS—*plaintiff is restricted to proof of items and prices specified in bill of particulars.* The purpose of a bill of particulars is to give notice to the defendant of the items and amounts for which claim is made, and the plaintiff is restricted at trial to proof of such items and prices.

4. SAME—*bill of particulars is not part of the record proper.* A bill of particulars or copy of account is not part of the record unless preserved by bill of exceptions, and unless so preserved, alleged error in allowing plaintiff to prove the reasonable value of items instead of prices in the bill of particulars will not be considered on appeal.

*Star Brewery* v. *Farnsworth,* 70 Ill. App. 150, affirmed.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. ARTHUR H. CHETLAIN, Judge, presiding.

E. S. CUMMINGS, for appellant.

W. IRVING OSBORNE, for appellee.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

In July, 1894, appellee was a carpenter at Lemont, Illinois, and had some talk with G. Buban, a saloon-keeper of that place, about putting up a building for Buban at Willow Springs. The estimate for the lumber required was $380, and the probable cost of the building would be at least $1000. Otto Driehaus was an agent for appellant in the general management of its beer trade at Lemont, in soliciting trade, collecting money and caring for its teams, wagons, ice houses and property at that place. On July 20, 1894, Buban went to appellant's brewery in Chicago with the Lemont agent, Driehaus, who introduced him to P. H. Rice, appellant's president, telling Rice that Buban intended to start a saloon in Gary, near Lemont. The president, Rice, took Buban into his private office and they had a conversation which is not shown in the record, after which Rice wrote and delivered to Buban the following note:

"*A. M. Farnsworth, Esq.:*           "CHICAGO, *July 20, 1894.*

"DEAR SIR—When you get house and barn completed for Mr. Buban send bill for same to us.          STAR BREWERY,
                                                                     P. H. RICE, *Pres't.*"

Buban went back to Lemont and told appellee that he had procured lots at Gary, and that appellee was to go ahead and put up the proposed building at that place. Appellee asked him if he had found $1000 anywhere, and he said no, but produced this note and asked if that

would do. Appellee accepted it, and, relying upon it, constructed the building, which was completed about September 20, 1894. He then called on the president, Rice, and presented him with an account for the labor and materials for the building, amounting to $1354.55. Rice said he was surprised at the amount of the bill, and that he supposed it was to be $300, and he declined to pay it solely on that account. Appellee brought this suit to recover for the materials and labor furnished, and the declaration contained the common counts, to which the general issue was pleaded. On a trial there was a recovery for the amount of the claim, and the Appellate Court affirmed the judgment.

The first complaint is, that incompetent evidence was admitted on the part of plaintiff by permitting him to state what Buban and Driehaus said to him when defendant's note was delivered by Buban. The evidence was admitted upon a promise of plaintiff's attorney that he would prove the agency of Buban and Driehaus, so as to bind defendant by their statements, as its agents. The evidence did not establish any agency of either Buban or Driehaus in relation to the construction of the building, or that would authorize either of them to bind defendant by virtue of such agency. The only authority of Buban was to deliver the note, and the authority of Driehaus did not extend to the construction or superintendence of a building at Gary.

After the evidence was in, the court refused to strike out the testimony as to what Buban and Driehaus said, and it is insisted that this was error because of the failure of plaintiff's attorney to fulfill his promise by proving an agency. We do not think there was any error in the ruling. There was nothing said by either Buban or Driehaus which created or extended in any manner the liability of defendant, and it was not necessary to show authority to create any liability. Buban's statement has already been given. What Driehaus said was, that he

had seen the note; that he and Buban were at the Star Brewery that day and saw Rice, and that Rice wrote the note and sent it. The note itself created the entire liability. There was nothing in it fixing a limit to the cost of the building or the liability of defendant, and when plaintiff accepted and acted upon it, expending labor and furnishing materials, the liability became absolute and defendant was bound to pay according to its terms. Driehaus said they were expecting to have a beer depot at Gary, and wanted preparations made so as to handle car-loads of beer; but that statement did not affect or change in any way the liability created by the note.

At the trial, defendant moved to strike out the evidence of plaintiff on the ground that a bill of particulars was filed for specific articles, and that, instead of proving the articles and items mentioned in such bill, the plaintiff had proved the reasonable worth of the building, and the fair market value of the labor performed and materials furnished in its construction, in a single sum. The purpose of a bill of particulars is to give notice of the items and amounts for which claim is made, and to apprise defendant of what is to be met at the trial. The plaintiff is restricted to proof of such items and prices, but the question can only be raised by preserving the bill of particulars in the bill of exceptions. A copy of account or bill of particulars is not a part of the record unless preserved in a bill of exceptions. (*Franey* v. *True,* 26 Ill. 184; *Eggleston* v. *Buck,* 24 id. 262; *Stratton* v. *Henderson,* 26 id. 68; *Schofield* v. *Settley,* 31 id. 515; *Garrity* v. *Lozano,* 83 id. 597.) The bill of particulars is not contained in the bill of exceptions, and we will not consider whether the testimony is in accordance with it or not.

The facts have been settled by the judgment of affirmance in the Appellate Court, and there being no error in the record the judgment will be affirmed.

*Judgment affirmed.*