### Eugene Von Hermann v. James G. Berry, for use of, etc.

1. WRIT OF ERROR—*Where it Lies—Judgments by Confession.*—A writ of error will lie to review the overruling of a motion to vacate a judgment by confession, but will not lie to review the judgment itself where the errors in entering it are waived and released.

2. . SAME—*Will Not Lie to Vacate a Judgment by Confession—Remedy.*—In this state a writ of error will not lie to vacate a judgment entered by confession, where the defendant fails to make a motion in the court below to have such judgment vacated. His remedy is to enter a motion to the court rendering the judgment to vacate it, and if his motion is overruled to preserve the action of the court by a proper bill of exceptions and present the same to the Appellate Court by a writ of error or by an appeal.

3. PRESUMPTIONS—*To Be Indulged in Favor of Judgments Entered on Cognovits.*—The presumptions are, in the absence of a bill of exceptions, that all necessary proof to sustain the judgment was introduced and considered by the trial court when it ordered the judgment to be entered up, and the same presumptions in favor of a judgment entered in term time upon a cognovit will be indulged as are indulged in the case of original judgments of courts of general jurisdiction.

4. SAME—*As to Courts of General Jurisdiction.*—Where a court of superior general jurisdiction has proceeded to adjudicate and render judgment in a matter before it, all reasonable intendments will be indulged in favor of its action and jurisdiction.

Error to the Superior Court of Cook County; the Hon. JONAS HUTCHINSON, Judge presiding. Heard in this court at the October term, 1901. Affirmed. Opinion filed July 2, 1902.

EDWARD O'BRYAN and WILLIAM N. MARSHALL, attorneys for plaintiff in error.

SEYMOUR N. COHEN and LEE, LEE & SCHUCHARDT, attorneys for defendant in error.

MR. JUSTICE SHEPARD delivered the opinion of the court.

A declaration in a plea of trespass on the case on promises, was filed in the Superior Court by the defendant in error against the plaintiff in error, wherein it was alleged that the defendant in error demised unto the plaintiff in error certain premises in the city of Chicago for a term of five years from April 1, 1895, for an aggregate rental of $7,430, payable as therein alleged, and alleging that by virtue of said demise the plaintiff in error entered into possession of said demised premises and was possessed thereof from the first day of April, A. D. 1895, until the thirtieth day of April, A. D. 1900, when the sum of $2,425 of said rent, for the space of two years and four months ending on the day last aforesaid, became and was due and payable from said plaintiff in error, and still remained unpaid, etc.

There was filed with the declaration a cognovit by plaintiff in error, by his attorneys, confessing the action to the amount of $2,425, claimed in the declaration, and releasing all errors that may intervene in entering up judgment for the same, and agreeing that no writ of error or appeal shall be prosecuted from the judgment so entered. And judgment was accordingly ordered and entered.

Plaintiff in error now comes here, and without having ever made a motion in the court below to set the judgment aside, attempts by writ of error to have said judgment vacated.

The law has been settled in this State for many years that a writ of error will not lie to vacate a judgment entered by confession where the defendant below has failed to make the proper motion in the lower court. The cases hold that where a judgment of this nature has been entered and the defendant below feels himself aggrieved by such, his remedy, on proper showing, is to enter a motion to open or vacate the judgment, and upon the court overruling his motion, to appeal from said order.

The Supreme Court has said, in Boyles v. Chytraus, 175 Ill. 370 :

" If the plaintiffs in error had made a motion in proper

time in the court below to vacate the judgment entered, and that motion had been overruled and the action of the court had been presented by a proper bill of exceptions, the court could review a refusal of the court below to vacate the judgment in accordance with such motion. A writ of error will lie to review the overruling of a motion to vacate the judgment, but will not lie to review the judgment itself when errors are waived and released in the manner above stated. Lake v. Cook, 15 Ill. 353; Frear v. Commercial Nat. Bank, 73 Id. 473; Hall v. Hamilton, 74 Id. 437; Little v. Dyer, 35 Ill. App. 85; Werkmeister v. Beaumont, 46 Ill. App. 369."

And this court, in the case last cited, Werkmeister v. Beaumont, said:

"The warrant of attorney in the lease authorized the attorney 'to waive all errors and all rights of appeal from said judgment,' and this was done in the cognovit. It therefore became necessary for the defendants to have made a motion to vacate the judgment entered. It is only from an order overruling such a motion that a writ of error will lie. It will not lie directly from the judgment itself rendered by confession." See also, Reynertson v. Central Lumber Co., 69 Ill. App. 131.

It is further made to appear by the brief of plaintiff in error that the *narr.* and cognovit which were filed in the case below are based on a written lease, wherein is contained a warrant of attorney whereby plaintiff in error authorizes any attorney of any court of record, to confess the judgment complained of, etc., and points are made by plaintiff in error which depend upon the lease. But the lease is not incorporated in a bill of exceptions. There is no bill of exceptions in the record, and we are not authorized in the absence of one showing the lease, to consider the points that depend upon an inspection of it. Boyles v. Chytraus, *supra;* Franey v. True, 26 Ill. 184; Hippach v. First Nat. Bank, 169 Ill. 515; Star Brewery v. Farnsworth, 172 Ill. 247.

The presumptions are, in the absence of a bill of exceptions, that all necessary proof to sustain the judgment was introduced and considered by the court when it ordered the judgment to be entered up. The same presumptions in favor of the judgment, it being rendered in term time,

although it was rendered upon a cognovit, " will be indulged as are indulged in the case of original judgments of courts of general jurisdiction.  Where a court of superior general jurisdiction has proceeded to adjudicate and render judgment in a matter before it, all reasonable intendments will be indulged in favor of its jurisdiction."  Boyles v. Chytraus, *supra.*

For anything appearing in the record the judgment is right, and it will be affirmed.