## 252    APPELLATE COURTS OF ILLINOIS.

VOL. 127.] Citizens' Savings, Loan & Building Ass'n v. Weaver.

# Citizens' Savings, Loan & Building Association v. I. N. Weaver et al.

1. CROSS-EXAMINATION—*what improper upon.* It is error to permit a cross-examiner to interrogate with respect to matters entirely foreign to those elicited upon the examination in chief.

2. JURY—*what not entitled to take upon retirement.* Upon retirement to consider of their verdict, the jury are not entitled to take with them a bill of particulars filed in the cause.

3. INSTRUCTION—*when modification improper.* Held, that the insertion of the words "particular items in question", in an instruction given, was an improper and erroneous modification.

4. INSTRUCTION—*must not ignore ground of defense.* An instruction is improper which ignores one of the substantive grounds of defense, and is therefore properly modified when the modification cures such vice.

5. BOND—*extent of sureties' liability upon.* Sureties upon a bond are only liable for defalcations made with respect to funds in the hands of the principal at the time of the execution of the bond and with respect to funds which subsequently came into the hands of such principal.

Action of debt. Appeal from the Circuit Court of Christian County; the Hon. TRUMAN E. AMES, Judge, presiding. Heard in this court at the November term, 1905. Reversed and remanded. Opinion filed June 8, 1906.

CHAFEE & CHEW and FRANK P. DRENNAN, for appellant.

J. C. and W. B. McBRIDE and J. E. HOGAN, for appellees.

MR. JUSTICE PUTERBAUGH delivered the opinion of the court.

On March 4, 1898, appellant brought three suits upon the bonds given by appellee, Weaver, as secretary of the appellant association, in the years 1894, 1895 and 1896 respectively, against his sureties upon said bonds. The declaration in each of said cases charged that said Weaver, as secretary, collected for appellant large sums of money which he failed to pay the treasurer of appellant and converted to his own use. To each of such declarations a plea of *non est factum* and several special pleas were interposed, which

aver, in substance, first, that at the time of the execution
of the bond sued upon, the appellees, sureties therein, in-
quired of the officers of appellant whether or not Weaver
was short in his accounts as secretary; that said Weaver
was at the time short in his accounts for the previous year,
of which fact said officers were well aware; that notwith-
standing such knowledge on their part, such officers, for
the purpose of misleading said sureties and to induce them
to execute said bond, falsely and fraudulently represented
to them that the accounts of Weaver had been duly verified
by said officers and found to be correct, and that the bond
was executed by said sureties in reliance upon the truth of
such representations; and second, that after the failure of
Weaver to keep a true and correct account, appellant and
appellees, by agreement, stated a true, correct account be-
tween appellant and Weaver, and ascertained the amount
to be due from Weaver to appellant to be $4,800, which
sum was paid by the sureties and accepted by appellant in
full satisfaction and discharge of said sureties of further li-
ability upon said bond.  To said pleas appellant, in sub-
stance, replied denying that its officers, at the time of exe-
cution of the bond by said sureties, had knowledge of
Weaver's shortage or the incorrectness of his accounts, or
that they made false or fraudulent representations for the
purpose of misleading said sureties or inducing them to
execute said bond; and further, that at the time of the al-
leged accord and satisfaction, Weaver, who had charge of
the papers and records of the association, had made false
entries upon the books which he was required to keep, by
which it was made to appear that he was in default in the
sum of $4,800 only, when, in truth and fact, he was at the
time in default to the extent of the sum of $10,000.   At
the March term, 1903, of the Circuit Court, by agreement
of the parties the three cases were tried together upon the
issues there joined.  The trial resulted in a disagreement of
the jury, and a *venire de novo* was ordered.   At the No-
vember term, 1904, when the cases were again called for
trial, appellees insisted that the former agreement was still

254    APPELLATE COURTS OF ILLINOIS.

VOL. 127.] Citizens' Savings, Loan & Building Ass'n v. Weaver.

binding, and that the cases should again be tried together, while appellant contended that the said agreement was binding as to the first trial only. The court overruled the objection of appellant and the cases were again tried together before one jury, which returned a verdict against appellant, upon which the present judgment was rendered.

The evidence shows that appellee Weaver was secretary of the defendant association from some time in the month of April, 1894, to the 12th day of May, 1897; that during this time one Penwell was the treasurer of the association; that all moneys due the association from various sources were first paid to Weaver as secretary, and should by him have been paid to Penwell as treasurer; that Penwell had a book in which he kept his accounts, as treasurer, with Weaver, as secretary; that Weaver would sometimes pay money collected by him direct to the treasurer, taking his receipt therefor; that at other times he would deposit the money in bank to the credit of the treasurer, taking a duplicate deposit slip therefor; that such deposit tickets were at various times delivered by him to the treasurer who would give the secretary credit therefor upon the books of the treasurer, and a receipt for the same.

The evidence further shows that during the period covered by the bonds in question, Weaver received as secretary large sums of money with which he failed to charge himself upon the books of the association. In the spring of 1895 his books were examined by a representative of the state auditor who found that according to said books he was short the sum of about $4,800, which amount was paid to the association by his then bondsmen. On May 12, 1897, Weaver retired from the office of secretary, and upon the full investigation of his accounts the shortages, to recover which these suits were brought, were discovered. As the judgment appealed from must be reversed and the cause remanded for errors in the rulings of the trial court upon the admissibility of evidence, and instructions as hereinafter indicated, it will be unnecessary for us further

to detail or disclose the facts appearing in the record, which is exceedingly voluminous.

Among the witnesses called by the plaintiff upon the trial was the treasurer, Penwell. His examination in chief was confined to the identification of the minute book of the proceedings of the directors of the association and as to the contents of two of the bonds of the secretary which had been lost. Upon cross examination counsel for appellees were improperly permitted to interrogate him at some length about his private business affairs which were entirely foreign to the matter elicited upon his examination in chief. The same may be said as to the witness Pierpont who was, upon cross-examination and over the objections of appellant, asked many questions which were either incompetent, irrelevant or improper in form, of which lack of time and space precludes specific criticism.

By agreement of the parties a transcript of the testimony of Weaver taken upon a former trial was read to the jury by counsel for appellee. A portion of such testimony relates to the witness' habits, expenses and mode of living and the amount of his income during the period in which he acted as secretary. Upon the former trial such evidence was excluded from the jury by the court, but upon the latter trial a motion for its exclusion was improperly overruled.

It is contended by appellant that the court erred in refusing to permit the jury upon retirement to take with them the bills of particulars filed with the declarations. We think they were properly excluded from the jury. The purpose of the bill of particulars is to give notice to the defendants of the items and amount for which claim is made, and to restrict the plaintiff upon trial to proof of such items and prices. Brewing Co. v. Farnsworth, 172 Ill. 247. Its office is to inform the defendant of the nature of the evidence and the particular transactions to be proved. McDonald v. People, 126 Ill. 161. Furthermore the bills of particulars in this case contain argument and extraneous matter and for this reason were not proper to

256    Appellate Courts of Illinois.

Vol. 127.] Citizens' Savings, Loan & Building Ass'n v. Weaver.

be taken to the jury room. Hatfield v. Cheaney, 76 Ill. 488. They contain but the conclusions of appellant as to what was due it and would have tended to confuse and mislead the jury.

The rulings of the court upon the instructions are subject to criticism in the following particulars. Appellant's first modified instruction was improperly modified by the insertion of the words "particular items in question." If the phrase refers to the bill of particulars, its insertion was improper for the reason that the bill of particulars was in no way, and could not properly have been, brought to the notice or attention of the jury. Otherwise the expression is so indefinite as to be misleading. Appellant's 6th and 7th and appellees' 1st, 2nd, 3rd, 4th, 5th, 6th, and 7th given instructions are objectionable in that they also refer to the bill of particulars. Appellant's 2nd and 7th modified instructions as offered ignored the defense of accord and satisfaction attempted to be interposed by the second special plea, and were therefore properly modified. The plea in question was, however, obviously demurrable. At the time of the alleged settlement there was no dispute between the parties as to how much the secretary should account for. The purpose of the audit of the books and accounts was to ascertain what sum, if any, was due from the secretary, and the result of the same was accepted by all parties as the correct amount so due. If the secretary failed in his duty to keep true and correct books and accounts and a settlement was made under the mutual belief that he had done so, appellant was not precluded from recovering such additional sum as might be disclosed by the actual facts to be due. Whitlow v. Trustees, 191 Ill. 457.

Appellant's 6th modified instruction is bad, both as originally offered, and as modified. It requires the defendants to prove that the items specified in the bills of particulars had been properly accounted for, and fails to limit their liability to items accruing during the life of the bonds. Appellant's 2nd refused instruction is bad in that it holds appellees liable for the re-issue of cancelled stock

Citizens' Savings, Loan & Building Ass'n v. Weaver.

by the secretary without regard to whether or not loss was occasioned thereby to the association. Appellant's 4th and 5th refused instructions are covered by other instructions given, and its 6th, 7th, 8th, 9th and 10th refused are either argumentative or involved or both, and therefore misleading. Appellees' 5th and 6th given instructions are clearly erroneous, inasmuch as the rule therein stated would relieve the sureties from liability for money collected by the secretary, while the bonds in question were in force, and applied by him upon former shortages. Appellees' 7th given instruction is misleading in that it does not specify by whom the application upon former shortage referred to was made.

As the causes probably will be again tried, it is proper to state that we are of opinion that the sureties upon the respective bonds can only be held liable thereunder for funds actually in the hands of the secretary at the time of the execution of the bonds respectively, and for funds coming into his hands thereafter during the life of the same. In other words, the secretary had no right to appropriate funds in his hands at the time of the execution of a bond for the purpose of making good defalcations occurring prior thereto. Such appropriations, if any, constituted conversions for which his then bondsmen were liable.

The record of the trial in the Circuit Court is exceedingly voluminous, and the issues of law and facts, as presented therein, are so numerous, complex and involved as to render a proper and comprehensive understanding of the same by either a court or jury unusually difficult. This situation is doubtless partially due to the fact that three actions, upon separate bonds, covering different periods of time, and against different defendants, were tried together.

It will, however, be unnecessary to determine whether or not the stipulation for a joint trial remained effective because of the mistrial in the first instance, as the question will not again arise.

For the errors indicated the judgment must be reversed and the cause remanded.

*Reversed and remanded.*