MELVIN E. WOOLF

*v.*

CORNELIA E. SULLIVAN *et al.*

*Opinion filed December 22, 1906.*

1. PRINCIPAL AND AGENT—*owner may sell real estate though it is placed in agent's hands for sale.* The owner of real estate which he has placed in the hands of an agent to sell may nevertheless make a sale of the same himself.

2. CLOUD ON TITLE—*when agent is not entitled to commissions as a condition precedent to canceling contract.* An agent who records a contract which purports to give him the exclusive right to purchase or sell a certain farm is not entitled to the commissions therein provided for as a condition precedent to canceling such contract as a cloud on title, where it appears the contract was executed in the name of the owner by a person having no authority to do so, and that the agent recorded the contract to prevent a sale by the owner to persons who had refused to buy from the agent and that the sale was thereby broken off.

3. SAME—*when parties are justified in treating a contract as a cloud on title.* A recorded written contract purporting to give an agent the exclusive right to purchase or sell a certain farm is properly regarded by the owner and a prospective purchaser of the farm as a cloud upon title sufficient to break off their negotiations, notwithstanding the contract was made without the owner's authority, where, up to the time the agent filed his amended answer and cross-bill in the proceeding to cancel the contract as a cloud, he insisted that he had an option, under the contract, to buy the land himself and refused to release his claim unless paid $10,000.

APPEAL from the Appellate Court for the Second District;—heard in that court on appeal from the Circuit Court of Kane county; the Hon. HENRY B. WILLIS, Judge, presiding.

HOPKINS, PEFFERS & HOPKINS, for appellant:

Assuming that Mrs. Sullivan did not have a good title at the time the contract was entered into, or afterwards, was no ground for a rescission of the contract by the vendees. *Foster* v. *Jared,* 12 Ill. 451; *Monson* v. *Stevens,* 56 id. 335; *Lundahl* v. *Hansen,* 46 Ill. App. 424; *Augsberg* v. *Meredith,* 101 id. 629; *Bowersock* v. *Beers,* 82 id. 400; *Eames* v. *Turn Verein,* 8 id. 672.

If the purchaser obtained by the broker, and the vendor, his employer, enter into a valid, binding and enforcible contract, although the purchaser declines to complete the sale and the seller refuses to compel performance, the broker is entitled to his commission. *Wilson* v. *Mason,* 158 Ill. 304; *Pratt* v. *Hotchkiss,* 10 Ill. App. 603; *Russell* v. *Hurd,* 113 id. 63; *Jenkins* v. *Hollingsworth,* 83 id. 139; *Friestedt* v. *Dietrich,* 84 id. 604.

Where the owner agrees to pay a broker all he can get in excess of a specified price for property, he is liable for the excess if the broker furnishes a buyer. *O'Neill* v. *Sinclair,* 54 Ill. App. 298.

A person may employ a broker or agent to negotiate a sale of real estate without giving him written authority so to do. As between the vendor and vendee such authority must be in writing, but the rule goes no farther. *Monroe* v. *Snow,* 131 Ill. 126; *Fox* v. *Starr,* 106 Ill. App. 273.

JOHN M. RAYMOND, and JOHN K. NEWHALL, for appellees: ·

The contract for the exclusive sale or purchase of Mrs. Sullivan's farm being executed by an unauthorized agent was contrary to the Statute of Frauds and void. *Kesner* v. *Miesch,* 204 Ill. 320; *Hughes* v. *Carne,* 135 id. 519.

A verbal promise by the owner to carry out the contract so made by an unauthorized agent has no binding force. *Kesner* v. *Miesch,* 204 Ill. 320.

William O. Sullivan was a special agent of Cornelia E. Sullivan for the purpose of listing her property with appellant for sale at $20,000. Persons dealing with such an agent do so at their peril and must ascertain the extent of their authority, and the principal is not bound by any unauthorized acts of such an agent. *McAtee* v. *Perrine,* 48 Ill. App. 348; *Thornton* v. *Boyden,* 31 Ill. 200; *Williams* v. *Merritt,* 23 id. 623; *Young* v. *Club House Ass.* 99 Ill. App. 290; *Schneider* v. *Dairy Co.* 73 id. 612.

The fact that a broker's agency is exclusive merely prevents the appointment of another agent, and does not prohibit the owner from making a sale himself. 4 Am. & Eng. Ency. of Law, (2d ed.) 979; *Dole* v. *Sherwood,* 41 Minn. 535; *Baars* v. *Hyland,* 67 N. W. Rep. 1148.

Aucutt and Keck refused to buy at the exorbitant price named by Woolf, and merely because Woolf may have put them indirectly on the track of the property does not entitle him to commissions. *Sievers* v. *Griffin,* 14 Ill. App. 63; *Lipe* v. *Ludewick,* 14 id. 372; *Wylie* v. *Marine Bank,* 61 N. Y. 415; *Mears* v. *Stone,* 44 Ill. App. 444.

Appellant is barred from recovery of his commission on account of his gross misconduct in placing his illegal option on record and refusing to release the same except on paying him $10,000, which prevented appellees realizing anything on the Aucutt and Keck sale. *Prescott* v. *White,* 18 Ill. App. 323; *Wilson* v. *Mason,* 158 Ill. 304; *Harvey* v. *Cook,* 24 Ill. App. 134; *Fisher* v. *Dynes,* 62 Ind. 348; 4 Am. & Eng. Ency. of Law, (2d ed.) 971.

Mr. JUSTICE HAND delivered the opinion of the court:

This was a bill in chancery filed by appellee Cornelia E. Sullivan in the circuit court of Kane county, against the appellant, Melvin E. Woolf, to cancel as a cloud upon her

title to a certain one hundred and sixty acre farm situated near the city of Aurora, in said county, an agreement in writing which had been filed for record and recorded in the office of the recorder of deeds of said county by the appellant, purporting to be signed by said Cornelia E. Sullivan by her agent, William Sullivan, on the ground that said agreement was executed by said William Sullivan in Cornelia E. Sullivan's name without her authority, which agreement gave the appellant the exclusive right to purchase or sell the said farm for the period of one year from its date for the sum of $20,000, and in case the appellant did not exercise his right to purchase said premises but sold the same, he was to receive two per cent of $20,000 and whatever amount the farm sold for above $20,000 as compensation for making said sale. The appellant answered the bill and filed a cross-bill, making the other appellees defendants thereto, in which he alleged the said Cornelia E. Sullivan through his efforts had sold said premises to Gustavus Aucutt and Leander Keck during the time said agreement was in force, for the sum of $22,500, and that as a condition precedent to the cancellation of said agreement the said Cornelia E. Sullivan should be decreed to pay to him, as his compensation upon said sale, the sum of $2900. Answers and replications were filed and the cause was tried in open court, and a decree was entered granting the relief prayed for in the original bill and denying the relief prayed for in the cross-bill and dismissing the cross-bill for want of equity, and the appellant perfected an appeal from the decree dismissing the cross-bill to the Appellate Court for the Second District, where the same was affirmed, and a further appeal has been prosecuted to this court.

The sole question presented here for decision is, should the trial court have allowed the appellant a commission of two per cent on $20,000, and $2500, which was the excess of the contract price agreed to be paid Cornelia E. Sullivan by Aucutt and Keck for the purchase of said premises over

and above the $20,000 named in the agreement whereby the appellant claimed he was given the right to purchase or sell said farm, as a condition precedent to granting the relief prayed for in the original bill?

It appears from the evidence that the agreement whereby the appellant was given the right to purchase or sell said farm was signed by William Sullivan for and on behalf of his mother, Cornelia E. Sullivan, without her authority, and was for that reason void, and it is conceded by the appellant that the circuit court properly, for that reason, canceled said agreement, as it appeared of record as a cloud upon Cornelia E. Sullivan's title. It is urged, however, that William Sullivan was authorized by Cornelia E. Sullivan to list the property with the appellant for sale at $20,000, and to pay him all the farm sold for in excess of $20,000 and a commission of two per cent on $20,000, and to that extent the agreement made by William Sullivan for and on behalf of Cornelia E. Sullivan was binding upon her, and that as he furnished a purchaser to Cornelia E. Sullivan who was able and willing to buy and who closed a contract with her for the purchase of said premises for $22,500, he was entitled to receive the sum of $2900 as his compensation upon said sale.

It appears that the appellant, some ten months after the farm was listed with him for sale, found a purchaser who agreed to take the farm for $20,800, $800 of which was to be retained by him as his commission. The prospective purchaser, however, failed to make the cash payment provided to be made under the terms of said sale and the sale was abandoned; that subsequently thereto the appellant talked with Aucutt and Keck, and showed them the farm with a view of selling the same to them; that he asked them $30,000 therefor; that they declined to purchase at that price, and thereafter purchased the farm of Cornelia E. Sullivan direct for the sum of $22,500, and made a deposit of $1000 in cash and agreed to pay her the balance of the purchase money so soon as the abstract could be brought down and

224—33

the title examined, if the same should appear to be perfect in Cornelia E. Sullivan; that appellant learned of the contract of sale to Aucutt and Keck by Cornelia E. Sullivan and immediately recorded the agreement signed by William Sullivan in the name of Cornelia E. Sullivan in the recorder's office of Kane county, and then claimed he had purchased the farm of Cornelia E. Sullivan for $20,000. The abstract of title, when brought down, showed the record of said agreement, and as the appellant refused to release his claim except upon the payment to him of $10,000, the sale from Cornelia E. Sullivan to Aucutt and Keck was canceled.

It is well settled that Cornelia E. Sullivan had the right to sell her own farm although she had placed the same in the hands of appellant for sale, (*Dole* v. *Sherwood,* 41 Minn. 535; 16 Am. St. Rep. 731;) and that the most the appellant could claim was, that in case he furnished a purchaser to her he was entitled to his commission upon the sale to such purchaser. Here, however, there was no sale made. The appellant, immediately upon the purchaser attempting to deal direct with the owner, instead of allowing the sale to go through and then demanding his commission, sought to break up the sale, and by recording the said agreement and claiming he had purchased said premises so far clouded the title of Cornelia E. Sullivan that the purchaser which he claimed to have furnished her refused to take the farm and the sale was abandoned. The only theory upon which the appellant could possibly recover a commission in this case, according to his own showing, is, that he furnished a purchaser who was able and ready to purchase the farm on the terms upon which it was placed in his hands for sale or upon terms satisfactory to the owner, and that the owner either made or declined to make a sale to such purchaser. While the evidence tends to show appellant found a prospective purchaser to whom he offered the farm for $30,000, it also shows that the purchaser declined to buy at that price, but subsequently entered into a contract for the purchase of

the farm with the owner for $22,500. It also is shown that so soon as the appellant found his prospective purchaser was dealing direct with the owner he stepped in and so clouded the owner's title that he prevented a consummation of the sale. The appellant, according to his theory, is entitled to compensation for making, or in assisting to make, a sale of the farm. He seems, however, in order to sustain such contention, to rely upon evidence which shows he prevented a sale of the farm. He, however, urges that as William Sullivan had no authority to execute the agreement in the name of his mother with which he attempted to cloud her title and to prevent a sale to Aucutt and Keck, said agreement, when recorded, did not constitute a cloud upon her title and did not justify a refusal of Aucutt and Keck to pay the purchase money and accept a deed of Cornelia E. Sullivan for said farm. The appellant made the claim at the time he filed said agreement for record and up to the time that he filed his amended answer and amended cross-bill in this case, that he had an option to purchase said farm for $20,000, and refused to release his claim to the farm unless he was paid $10,000. We think Cornelia E. Sullivan and Aucutt and Keck, under these circumstances and in view of these claims, had the right to take appellant at his word and that Aucutt and Keck had the right to refuse to take the farm, and that the appellant, by his misconduct having prevented a sale by Cornelia E. Sullivan to Aucutt and Keck, had no right to receive any compensation for the sale of said premises, and that the Appellate Court properly held he had no claim for compensation, as against Cornelia E. Sullivan, for making a sale of the premises or finding a purchaser therefor.

The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*

FARMER and VICKERS, JJ., took no part in the decision of this case.