## John W. Dickson v. John Owens.

1. VERDICT—*when not disturbed as against the evidence.* A verdict will not be set aside as against the weight of the evidence unless the conclusion of the jury is manifestly against the weight of such evidence.

2. REAL ESTATE BROKER—*what essential to recover commissions.* In order for a real estate broker to recover commissions for a sale effected by his principal, it must be shown that he was the procuring cause of such sale.

3. CONTRACT—*what sufficient consideration for modification of.* While a contract remains executory, an agreement to annul or modify the same by one party is a consideration for a like agreement by the other.

Action commenced before justice of the peace. Appeal from the Circuit Court of Fulton county; the Hon. R. J. GRIER, Judge, presiding. Heard in this court at the November term, 1906. Affirmed. Opinion filed June 1, 1907.

HARRY M. WAGGONER and M. P. RICE, for appellant.

LUCIEN GRAY, for appellee.

MR. JUSTICE PUTERBAUGH delivered the opinion of the court.

This action was originally brought by appellant Dickson before a justice of the peace, for the recovery of commissions alleged to be due to him from appellee Owens, for services in selling a farm. Upon a trial

in the Circuit Court judgment was rendered upon the verdict of a jury in favor of appellee.

The terms of the original agreement between the parties, which are uncontroverted, were that appellant was to undertake the sale of appellee's farm of 120 acres at $70 per acre. He was to have until January 1, 1906, to make the sale, and if he succeeded in doing so was to receive $1 per acre as his compensation. On October 28, 1905, appellee himself sold the farm to one Beam. On the same day, but prior to such sale, a modification of the agreement had been made by the parties, the terms of which are in dispute. Appellee testified that at that time he asked appellant if he would charge him commissions if he, appellee, sold the land himself, and that appellant replied that he would not if appellee sold to some one with whom he, appellant, had not talked; while appellant testified that appellee asked him if he would give him, appellee, the privilege of selling the farm to any one that he, appellant, had not talked to nor had interested, and that appellant replied that he would as to any person except Beam; that while he, appellant, had not talked to Beam about the property, he had talked to Hilton who was Beam's partner. Appellant further testified that after the making of the original contract he talked to a number of possible purchasers of the land and showed one party the land; that while he had never talked with Beam about the farm he did have two conversations with Hilton in regard thereto; that although the sale was nominally made to Beam, it was in fact to Hilton and Beam as partners. Both Hilton and Beam testified that Hilton was not interested in the purchase either as a partner of Beam or otherwise. It was the province of the jury to decide these controverted questions of fact. If they found in favor of appellee upon such issues, it cannot be said that their conclusions were so manifestly against the evidence as to warrant this court in disturbing the same.

It is contended however that the court erred in its rulings upon the evidence and instructions to the prejudice of appellant. Appellant offered to prove by several witnesses, including himself, that before appellee became the owner of the farm, appellant was acting as agent for Mrs. Hull, the former owner, and that one Bishop in behalf of the firm of Beam and Hilton sought to purchase the same through the agency of appellant, but the court held such evidence to be incompetent. It is insisted that it was competent as tending to show that appellant, at the time of the original contract, knew Bishop as a prospective purchaser, thereby corroborating appellant in his version of the modified contract, and was proper to be considered by the jury in determining whether or not Beam was excepted from its terms. In the absence of written pleadings the nature of the plaintiff's demand must be ascertained from the bill of particulars, which, in effect, limited and restricted the plaintiff on the trial to proof of the particular cause of action therein mentioned. Brewery v. Farnsworth, 172 Ill. 247. That filed with the justice stated that the claim or demand of plaintiff was for "Commissions due from said Owens to said Dickson, in the matter of sale of a farm, 120 acres owned by said Owens, situated in Putnam township, Fulton county, Ill., $120.00."

Under the terms of the contract, appellant could only recover commissions by proving that he was the procuring cause of the sale. That the sale was nominally made to Beam was proved by the introduction in evidence by appellant of the contract of sale between appellee and Beam. Appellant did not claim to have talked or negotiated with Beam personally. He could only recover in this action by showing that the purchase was in fact made either by Hilton with whom he had negotiated, or by Beam and Hilton jointly. As to by whom the land was actually bought was therefore the chief and controlling issue in the case,

and that upon which a right of recovery turned. It follows that whether or not Beam was excepted by the terms of the contract as modified, was immaterial. For this reason the giving of appellee's third and fourth instructions was not prejudicial.

Complaint is made of appellee's sixth instruction which contains a prefatory statement to the effect that an owner of land although he has appointed another sole agent for the use thereof, can sell the same himself and not be liable to the agent for commissions. While it is true that under the circumstances recited, the owner might be liable to the agent for damages for a breach of the contract (Metzen v. Wyatt, 41 Ill. App. 487), and to an amount equal to the commissions agreed upon in case of a sale, in a direct suit for the recovery of commissions, upon the theory of performance, he would be liable only in the event that the agent in some way brought the owner and purchaser together, or in some way, assisted in bringing about the sale. Woolf v. Sullivan, 224 Ill. 509. The instruction was therefore not erroneous, although not to be commended, being abstract in form.

. Appellant's fifteenth and eighteenth instructions to the effect that any modification or change of the original contract would not be valid and binding upon appellant unless based upon a good consideration, were properly refused. While a contract remains executory, an agreement to annul or modify the same by one party is a consideration for a like agreement by the other, and *vice versa*. Barrie v. King, 105 Ill. App. 426, and cases cited.

Appellant's refused sixteenth and seventeenth instructions which laid down the law as to general liability for the termination of a contract by one party, without default or consent on the part of the other, were not applicable to the present case, which, as has been said, was not predicated upon a breach of the contract in question. The exclusion of the testimony

of the witnesses Bishop and Smith was not error for the reasons heretofore stated.

We find no prejudicial error in the record, and the judgment must accordingly be affirmed.

*Affirmed.*