Edward C. Wentworth, Trading as Whiteside & Wentworth, Defendant in Error, v. Alex Mann, Plaintiff in Error.

Gen. No. 17,278.

1. BROKERS—*when may recover commissions.* A real estate broker cannot recover for commissions earned under a brokerage contract unless he shows that he sold the property in question or was instrumental in bringing about the sale, or procured a purchaser ready, able and willing to purchase at the stipulated terms.

2. ACTIONS AND DEFENSES—*no recovery for breach of contract in action for earnings thereunder.* Where action is brought to recover earnings under an executed contract, no recovery can be had for damages for its breach. ,

Error to the Municipal Court of Chicago; the Hon. WILLIAM H. HINEBAUGH, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1911. Reversed and remanded. Opinion filed April 9, 1913.

W. H. CHADWICK, for plaintiff in error.

JOHN C. EVERETT, for defendant in error.

MR. JUSTICE GRAVES delivered the opinion of the court.

Defendant in error began suit in the Municipal Court to recover commissions claimed to have been earned by him under the following contract, viz.:

"March 9th, 1910.

WHITESIDE & WENTWORTH,
  140 Dearborn street,
  Chicago.

GENTLEMEN:

You are hereby authorized to sell my property, described as 4445 Evanston Ave. at the price of twelve thousand dollars, upon the following terms:

Cash Five Thousand Five Hundred, Balance as per mortgage. Subject pro-rata to taxes and assessments levied subsequent to the year 1909, also special assessments for and to an encumbrance of $6,500 due May, 1910.

When you sell the property, I will furnish a merchantable abstract of title brought down to date of sale, and will pay you for your services a commission of 2½ per cent on the price at which the property sold, and in addition ½ of whatever you can realize above my said price.

You are to have the exclusive right to sell the property Two months from date and thereafter until written notice.

ALEX MANN,<br>Owner.

We hereby accept the above agency and agree to push the sale of the property.

WHITESIDE & WENTWORTH."

He recovered a verdict and judgment for $200.

The uncontradicted facts are that within two months after this contract was signed defendant in error sold the property in question through a real estate brokerage firm by the name of Young & Johnson, and that said sale was not made by defendant in error, nor was it made to any customer procured by him or through any instrumentality of his.

Whatever may be the law in other jurisdictions, it is the settled law in this state that before a real estate broker can recover for commissions earned under a brokerage contract, he must show that he has either sold the property in question, been instrumental in bringing about the sale, or that he has procured a purchaser who was ready, able and willing to purchase it at the stipulated terms. Smith v. Keeler, 151 Ill. 518; Henry v. Stewart, 185 Ill. 448; Swigart v. Hawley, 140 Ill. 186; Bunn v. Keach, 214 Ill. 259; Woolf v. Sullivan, 224 Ill. 509. There is a total lack of any evidence that defendant in error complied with any of the foregoing conditions, but that he did not do so is conceded. This being an action for commissions earned and there being no evidence whatever that he ever earned the commissions claimed, the verdict is contrary to the evidence and the judgment cannot be sustained.

If plaintiff in error has violated his agreement with defendant in error and the suit had been brought to recover damages for such breach, it might well be he would have been liable in damages for an amount equal to or perhaps exceeding the amount of the judgment in this case, but that is not the case made by the pleadings. In a suit to recover earnings under an executed contract recovery cannot be had for damages for its breach. Dickson v. Owens, 134 Ill. App. 561; Metzen v. Wyatt, 41 Ill. App. 487; Gilbert v. Coons, 37 Ill. App. 448.

The judgment of the Municipal Court is, therefore, reversed and the cause remanded.

*Reversed and remanded.*