## F. M. Harbaugh, Appellant, v. City of Sullivan, Appellee.

1. PLEADING, § 1*—*determination of character of obligation.* A court should not go outside of the pleadings to ascertain the character of the obligations sued on.

2. APPEAL AND ERROR, § 742*—*what are part of record.* A declaration and all other pleadings are part of the record.

3. APPEAL AND ERROR, § 747*—*when bill of particulars is part of record.* A bill of particulars is no part of the record unless made so by a bill of exceptions.

4. PLEADING, § 337*—*what is object of bill of particulars.* The object of a bill of particulars is to inform the defendant of the claim he is called upon to defend against.

5. PLEADING, § 338*—*what is effect of bill of particulars.* The effect of a bill of particulars is to limit plaintiff on the trial to the proof of the particular cause or causes of action therein mentioned.

Appeal from the Circuit Court of Moultrie county; the Hon. GEORGE A. SENTEL, Judge, presiding. Heard in this court at the October term, 1916. Affirmed. Opinion filed April 16, 1917. Rehearing denied July 2, 1917.

**Statement by the Court.** In an action of assumpsit against the City of Sullivan, the plaintiff filed a declaration consisting only of the common counts, one of which was for money had and received. To this declaration was attached a bill of particulars as follows:

"BILL OF PARTICULARS

"COPY OF ACCOUNT SUED ON.

"This suit is brought to recover $61.67 which the plaintiff paid to the defendant on account of a certain special assessment of taxes which the plaintiff paid to the defendant in pursuance to an ordinance for the paving of Hamilton and Jefferson streets in the City of Sullivan, Illinois, which said street was afterwards paved and the taxes levied in pursuance to said ordinance; the plaintiff was then and now is owner of lots 3, 4, 5, and 6 in Block 3 of Brosam Brothers' addition to the City of Sullivan, Illinois; also the south half of

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

block 24 of the original town, now City of Sullivan, Illinois, and the said taxes were levied against said property and paid by the plaintiff to the defendant for the purpose of paying for the paving of Hamilton street in said city, and to pay the costs and expenses of making the survey and specifications, etc. The total cost of said improvement and expenses was $32,788.51; total amount levied and collected for said purpose was $34,273.25, leaving a balance collected in excess of the cost of said improvement and expenses of $1,483.74, which amount should be paid to the property owners who paid said assessments, and the proportionate part of said $1,483.74 which was paid by the plaintiff as taxes on the above described property is $61.67, the last payment having been made in the spring of 1915. This suit is brought to recover said $61.67 and lawful interest thereon until the date of recovery.

"The City of Sullivan,

To F. M. Harbaugh, Dr.

"To goods, wares, merchandise sold and delivered ................................ $100.00
"To money lent and advanced.............. 100.00
"To money paid, laid out, and expended...... 100.00
"To money had and received, to and for the use of said plaintiff................... 100.00
"To money due for interest and forbearance. 100.00
"To labor, service and material............. 100.00
"To balance due on account stated.......... 100.00"

To this declaration the defendant filed six pleas in bar of the action. The first five pleas are in legal effect the same, each setting out certain proceedings had in the County Court of Moultrie county upon an application by the Board of Local Improvements of the City of Sullivan, for an order of the County Court to confirm the final certificate filed by said board showing that the improvement upon Hamilton and Jefferson streets had been completed in the manner provided by the ordinance under which it had been made, and also setting out the judgment order of the County Court which found that the improvement conformed to the re-

quirements of the ordinance and that no part of the original assessment was to be abated.

The sixth is a plea of the statute of limitations, in which it is averred that the cause of action did not accrue within five years prior to the commencement of the suit.

An affidavit of claim was filed with the declaration and an affidavit of merits was filed with the pleas.

Appellant filed a general and special demurrer to all of the pleas which was overruled by the court, and appellant elected to stand by his demurrer, whereupon judgment was rendered in favor of the defendant in bar of the action.

This appeal is prosecuted to review the action of the court in overruling the demurrer to the pleas.

E. J. MILLER, for appellant.

J. K. MARTIN, for appellee.

MR. JUSTICE ELDREDGE delivered the opinion of the court.

Much of the argument of counsel is directed to a discussion of the merits of the first five pleas, but from the view we take of this case it is unnecessary to determine the sufficiency of those pleas because whether they were good or bad the plea of the statute of limitations, in our opinion, must prevail.

Over ten years had elapsed since the cause of action accrued before suit was brought, and it is apparent that the question whether the cause of action is barred by the statute of limitations must be determined by first ascertaining what the cause of action is as shown by the record in the case. Appellant filed no replication setting out facts which might take the cause of action out of bar of the statute, but elected instead to demur to the plea. We therefore have in the pleading proper, for consideration, the declaration consisting

simply of the common counts and the plea of the statute of limitations. It is insisted by appellant that the defense of the statute of limitations cannot apply because the money sued for was a trust fund held in trust by the City of Sullivan for the use of appellant, and that this fact is shown by the averments in the bill of particulars. It is perfectly clear that without the aid of the bill of particulars there is nothing in the record to show that this action is brought to recover a trust fund. The court cannot go out of the pleadings to ascertain the character of the obligation. *Hart v. Tolman*, 6 Ill. (1 Gilm.) 1. A declaration and all other pleadings are a part of the record. A bill of particulars is no part of the record unless made so by a bill of exceptions. *Eggleston v. Buck*, 24 Ill. 262; *Franey v. True*, 26 Ill. 184; *Schofield v. Settley*, 31 Ill. 515; *Garrity v. Lozano*, 83 Ill. 597; *Star Brewery v. Farnsworth*, 172 Ill. 247. The object of a bill of particulars is to inform the defendant of the claim he is called upon to defend against, and its effect is to limit the plaintiff on the trial to the proof of the particular cause or causes of action therein mentioned. *Star Brewery v. Farnsworth, supra; McKinnie v. Lane*, 230 Ill. 544. In the case of *Fish v. Farwell*, 160 Ill. 236, wherein the question of whether a bill of particulars, filed prior to the time of filing of certain additional counts, could be resorted to in determining whether said additional counts stated new cause of action against which the statute of limitations had run, the court said: "But, in any event, we are wholly unable to see how the bill of particulars helps out the original declaration. A court cannot go outside of the declaration to ascertain the cause of action. (*Hart v. Tolman*, 1 Gilm. 1.) A notice of stipulation filed with the declaration forms no part of the declaration, and the declaration cannot be aided by reference to it. (*Humphrey v. Phillips*, 57 Ill. 132; *Quincy Whig Co. v. Tillson*, 67 Ill. 351.)" In the latter case of *Heffron v.*

*Rochester German Ins. Co.,* 220 Ill. 514, the court cites the case of *Fish v. Farwell, supra,* and quotes with approval the language of the opinion above set out herein.

The character of the cause of action must be ascertained from the declaration itself and cannot be determined from the statements in the bill of particulars or from other matters not in the record. The plea under consideration was a complete defense to the declaration and the court did not err in overruling the demurrer to it. The judgment is therefore affirmed.

*Affirmed.*