Paul W. Schroeder, Defendant in Error, v. Electric Apparatus Company, Plaintiff in Error.

Gen. No. 36,402.

Opinion filed April 10, 1933.

HEILE, CAVENDER, MILCHRIST & KAISER, for plaintiff in error.

EDWIN L. WAUGH, for defendant in error.

MR. JUSTICE O'CONNOR delivered the opinion of the court.

Plaintiff, as assignee of the lessors in a written lease, caused judgment by confession to be entered in the municipal court of Chicago against the defendant lessee for $4,920, $4,900 of which was for rent and $20 for attorney's fees, and the defendant sues out this writ of error seeking a reversal of the judgment.

The only point made by the defendant is that plaintiff's statement of claim does not state a cause of

action because there is no allegation, as required by section 18 of the Practice Act, that plaintiff, who is the assignee of the lessors, was the bona fide owner of the chose in action, and further, that it fails to allege how and when he acquired title. In *Cooper v. Anderson,* 246 Ill. App. 1, where suit was brought on a lease by the assignee of the landlord, we held that it was not necessary for the plaintiff to comply with section 18 of the Practice Act because it was not applicable to a suit brought by an assignee of a landlord, but that section 14 of the Landlord and Tenant Act, Cahill's St. ch. 80, applied. In that case, after stating defendant's contention that the declaration did not state a cause of action as required by section 18 of the Practice Act, we said, pp. 12 and 13: ''The pleadings, however, disclose that plaintiff's suit is brought and maintained under the provisions of section 14 of the Landlord and Tenant Act, Cahill's St. ch. 80. . . . That section, not section 18, is applicable. (See *Barnes v. Northern Trust Co.,* 169 Ill. 112, and *Barr v. Florentine Alabaster Co.,* 174 Ill. App. 256.)''

Moreover, in the instant case the defendant made no motion to open up or vacate the judgment and for leave to defend; and it has been held in *VonHermann v. Berry,* 102 Ill. App. 658, that a writ of error will not lie to vacate a judgment entered by confession where the defendant fails to make a motion in the trial court to have the judgment opened up or vacated.

The judgment of the municipal court of Chicago is affirmed.

*Affirmed.*

McSurely, P. J., and Matchett, J., concur.